COMMONWEALTH of Pennsylvania,
Appellee,

v.

Ricardo MINES, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 11, 2002.
Filed April 12, 2002.

Karl Baker, Public Defender, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, P.J., KLEIN and OLSZEWSKI, JJ.

KLEIN, J.

¶ 1 Ricardo Mines appeals from the judgment of sentence entered following his conviction for possession with intent to deliver and knowing and intentional possession of crack cocaine. Mines was sentenced to two to ten years imprisonment. We affirm.

¶ 2 The sole issue on appeal is whether the trial court erred in denying Mines' Pa.R.Crim.P. 600 motion for dismissal (former Rule 1100). On the last two listings before the mechanical rundate, Mines was not brought down from state custody. Mines claims this delay should be attributed to the Commonwealth. We disagree. The delay was caused because the writ to bring Mines to court was not honored due to overcrowding in the Philadelphia County prisons. The delay is not attributable to the Commonwealth.

¶ 3 A full discussion follows.

¶ 4 The chronology of this case is as follows:

| | |
|---|---|
| June 11, 1998 | Complaint filed. |
| June 18, 1998 | Preliminary hearing continued; seizure analysis not complete |
| July 1, 1998 | Case held for court. |
| July 22, 1998 | Preliminary arraignment. |
| Sept 10, 1998 | Commonwealth requests continuance because police officer is testifying in another courtroom. |
| Dec 2, 1998 | Commonwealth requests continuance because police officer is at training session. |
| March 5, 1999 | Mines not brought down from state custody; no writ in file. |
| May 20, 1999 | Mines not brought down from state custody; writ prepared, but cancelled because no beds available. |
| June 11, 1999 | Mechanical rundate. |
| July 14, 1999 | Mines is tried (33 days after the June 11, 1999 rundate) |

■ ¶ 5 Rule 600 requires the Commonwealth to bring a defendant to trial no later than 365 days after the criminal complaint is filed ("the mechanical rundate") unless there is excusable delay caused by the defendant, his counsel or court congestion. *Commonwealth v. DeBlase*, 542 Pa. 22, 665 A.2d 427, 431 (1995); Pa.R.Crim.P. 600(a)(3). In this case the parties do not dispute the mechanical rundate. They agree that Mines was tried thirty-three days after the June 11, 1999 rundate. Mines argues that the Commonwealth failed to demonstrate that it exercised due diligence to bring him to trial throughout the case and that the circumstances occasioning the postponement were beyond its control. We disagree.

¶ 6 The Commonwealth must establish two factors to show that it has not violated Rule 600: first, that the circumstances causing the postponement of trial were beyond the control of the Commonwealth; and second that it exercised due diligence in bringing the defendant to trial. *See* Pa.R.Crim.P. 600(G).

¶ 7 Although the Commonwealth requested continuances on September 10, 1998, and December 2, 1998, it was ready to proceed on the last two dates before the mechanical rundate. The issue is whether the Commonwealth is responsible for the delay caused on March 5, 1999 and May 20, 1999. The trial court properly found that the Commonwealth was not responsible for the delay.

¶ 8 Mines did not go to trial on March 5, 1999, or on May 20, 1999 because he was not brought down from state custody either time. The next earliest possible listing, considering the other cases on the court's docket, was July 14, 1999, thirty-three days beyond the rundate of June 11, 1999.

¶ 9 Mines argues that on March 5, 1999 there was no writ in the file, which demonstrates lack of diligence on the part of the Commonwealth. The fact that there is no writ in the quarter sessions file does not prove that the Commonwealth did not request one. The court clerk may have forgotten to write it out in the crush of

business. Writs may be prepared long after everyone leaves the courtroom, so the Assistant District Attorney would not know if the clerk had made a mistake. A writ might have been prepared and misfiled somewhere along the line. There are many more possibilities that make it impossible for the Assistant District Attorney to know whether a writ he or she requested was in fact prepared.

■ ¶ 10 In this case, we do know that a writ was prepared for May 20, 1999. However, this writ was cancelled because no beds were available in the county jail. Delays resulting despite the issuance of a bringdown and writ for the defendant's appearance are not chargeable to the Commonwealth. *Commonwealth v. Nellom*, 388 Pa.Super. 314, 565 A.2d 770 (1989).

■ ¶ 11 Here, the period of delay was occasioned by the inability to bring Mines to Philadelphia from the state prison system. The prosecutor cannot be charged with responsibility for the delay because the system seems unable to find, transport, and house defendants in their custody. Unfortunately, writs issued for defendants in state custody are routinely cancelled and defendants are not brought to court because of overcrowding. Obviously, it is not the best system in the world when a duly issued writ, signed by a judge, is cancelled by a city employee due to prison overcrowding. However, the fact is that there are not enough beds in the Philadelphia Prison System to house all the people needed for court all the time. Somebody had to make the decision as to whom will be brought down and whom will not be brought down. It is not an enviable job. That job has been assigned to Deputy Mayor Dianne Granlund. Probably no two people would make every decision the same way. There is no indication that Ms. Granlund, as Deputy Mayor assigned this onerous

task, is not doing as good a job as is possible under difficult circumstances.

¶ 12 In any event, it is not within the control of either the prosecutor or the trial court to bring every defendant to the courtroom when desired.

¶ 13 Under Rule 600(G), it is specifically provided that:

> If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain . . .

We conclude that Mines' failure to be brought down for trial on May 20, 1999 was beyond the control of the Commonwealth. A writ had been prepared for that day, but was cancelled because there were no beds available in the county jail.

■ ¶ 14 The Commonwealth must prove by a preponderance of the evidence that it acted with due diligence at the last listing before the amended rundate and any listing thereafter to bring the case to trial. *Commonwealth v. Burke*, 344 Pa.Super. 288, 496 A.2d 799, 801 (1985). The issuance of the writ demonstrates due diligence by the Commonwealth. *Commonwealth v. Torres*, 741 A.2d 218, 221 (Pa.Super.1999). The Commonwealth arranged for a writ, and the court issued a writ. However, the writ was cancelled because there were no beds available. As we stated in *Torres*, we reject the notion that the Commonwealth must ask Deputy Mayor Granlund to prioritize a writ to demonstrate due diligence. At the time the writ is prepared, it is not known whether or not there will be sufficient beds available on the date scheduled for trial. Each day there are different cases and different priorities. There is no showing

that Deputy Mayor Granlund has not adopted a reasonable system to prioritize the requests. Not every request can be taken first.

¶ 15 In this case, for the March 5, 1999 listing, we cannot be sure whether or not a writ was requested. For the May 20, 1999 listing, the Commonwealth arranged for the writ, the judge signed it, but it was not honored.

¶ 16 As one with twenty-eight years of experience as a trial judge in Philadelphia, I certainly sympathize with the problems of judges and prosecutors trying to obtain the presence of an incarcerated defendant for trial who is in the state prison system on another case. While it is difficult in an individual case to ascertain which of a number of agencies are at fault, the possibilities generally fall with the Clerk of Quarter Sessions, the Sheriff, and the state prison system. These are all independent agencies, which generally blame each other. None report to the prosecutor or the court. In any event, it becomes impossible to bring a prisoner into Philadelphia for trial.

¶ 17 The problems are compounded when, in the computer age, the Clerk of Quarter Sessions of Philadelphia prepares all documents by hand. Apparently none of the computer systems of the various agencies have the ability to communicate with each other. Despite the incredible expense and burden placed on citizens and everyone associated with the court system when there are repeated breakdowns, there is nothing the prosecutor or court can do to conquer these obstacles.

¶ 18 The time period from March 5, 1999 to May 20, 1999 and May 20, 1999 to July 14, 1999 was excusable because Mines was not brought down from state custody due to problems not attributable to the Commonwealth. Therefore, the period of time for purposes of Rule 600 did not run. The trial began within the period allowed by Rule 600, since the delays were occasioned by agencies outside the control of the prosecution and the court.

¶ 19 Judgment of sentence affirmed.

¶ 20 DEL SOLE, P.J., concurs in the result.