J-A21023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LARRY BARKSDALE | |
| Appellant | No. 2353 EDA 2014 |

Appeal from the Judgment of Sentence July 15, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005411-2012

BEFORE:  ALLEN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 04, 2015**

Appellant, Larry Barksdale, appeals from the July 15, 2014 judgment of sentence of 90 days to six months' incarceration, imposed after the trial court found him guilty in a bench trial of driving under the influence of alcohol (DUI), general impairment.[1]  After careful consideration, we affirm.

We summarize the general procedural history of this case as follows. In connection with events occurring on April 19, 2012, Officer Shaun Kozak of the Plymouth Township Police Department charged Appellant with DUI by criminal complaint filed May 23, 2012.  Following a preliminary hearing, the case was bound over to the Court of Common Pleas of Montgomery County

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1).

on July 17, 2012. Following numerous continuances, listings for pretrial conferences, and other proceedings, Appellant, on April 28, 2014, filed a motion to dismiss, alleging violation of his speedy trial rights under Pennsylvania Rule of Criminal Procedure 600. The trial court held a hearing on Appellant's motion on June 19, 2014. That same day, the trial court denied Appellant's motion to dismiss. A bench trial was conducted on July 15, 2014, and the trial court found Appellant guilty of DUI and sentenced him as aforesaid.

On August 14, 2014, the trial court granted Appellant's privately retained counsel's petition to withdraw. That same day, Appellant filed a timely *pro se* notice of appeal. Although not ordered to do so, Appellant filed a *pro se* concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) contemporaneously with his notice of appeal. The trial court issued its Rule 1925(a) opinion on September 15, 2014.

Noting that counsel had been permitted to withdraw, and Appellant was proceeding *pro se* absent any hearing, the Commonwealth petitioned this Court on December 12, 2014, for remand to the trial court for a **Grazier**[2] hearing or appointment of counsel. We granted the

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (holding the trial court must ascertain on the record that a defendant's decision to proceed *pro se* is knowing, intelligent, and voluntary).

Commonwealth's petition on January 26, 2015. Thereafter, Appellant's former private counsel entered his appearance with this Court on February 24, 2015.

On appeal, Appellant raises the following issues for our review.

> I.    Whether the trial court abused its discretion when it denied Appellant's Petition for Dismissal of Charges Pursuant to Pa.R.Crim.P. 600 because it improperly calculated the period of time within which the Commonwealth had to bring Appellant to trial pursuant to Rule 600?[3]
>
> II.    Whether the trial court abused its discretion when it determined that the periods of time Appellant was not transported to court from a state correctional institute constituted excusable delay, and that the Commonwealth exercised reasonable efforts to bring [Appellant] to trial[?]

Appellant's Brief at 4.

In addressing these issues, we adhere to the following standard and scope of review. "When reviewing a trial court's decision in a Rule 600 case, an appellate court will reverse only if the trial court abused its discretion." ***Commonwealth v. Bradford***, 46 A.3d 693, 700 (Pa. 2012).

---

[3] The trial court reviewed Appellant's motion to dismiss under the version of Rule 600 in effect at the time of the filing of the motion. On July 1, 2013, the former rule was rescinded and a new Rule 600 was adopted which "clarified the provisions of the rule in view of the long line of cases that have construed the rule." Pa.R.Crim.P. 600, cmt. The new rule consolidates the former distinction between excludable and excusable time in the calculation of an adjusted run date. ***Id.*** at 600(C)(1). Appellant acknowledges that the analysis under either version of the rule would be essentially the same. Appellant's Brief at 11. Our citations in the body of this memorandum are, therefore, to the former Rule.

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after [a] hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review … is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.
>
> …
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters …, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Peterson*, 19 A.3d 1131, 1134 (Pa. Super. 2011) (*en banc*), *affirmed*, 44 A.3d 655 (Pa. 2012) (citations omitted).

The courts of this Commonwealth employ an initial three-step analysis to determine whether Rule 600 requires dismissal of the charges against a defendant.

> The first step in determining whether a technical violation of Rule 600 […] has occurred is to calculate the "mechanical run date." The mechanical run date is the date by which trial must commence under the relevant procedural rule. [T]he

- 4 -

mechanical run date is ascertained by counting the number of days from the triggering event - e.g., the date on which … the criminal complaint was filed - to the date on which trial must commence under Rule [600].  Pa.R.Crim.P. [600(A)(3)].

*Commonwealth v. Preston*, 904 A.2d 1, 11 (Pa. Super. 2006) (internal citations omitted), *appeal denied*, 916 A.2d 632 (Pa. 2007).  In the second step, we must "determine whether any excludable time exists pursuant to Rule 600(C)."  *Commonwealth v. Ramos*, 936 A.2d 1097, 1103 (Pa. Super. 2007), *appeal denied*, 948 A.2d 803 (Pa. 2008).  Then, in the third step, "[w]e add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date."  *Id.*  It is well settled that any delay occasioned by a defendant is excludable time in the calculation of the adjusted run date.  Pa.R.Crim.P. 600(C)(2), (3); *Preston*, *supra*.

Furthermore, delays not attributable to a defendant but where the Commonwealth is found to have acted with due diligence in attempting to commence a timely trial but was prevented by circumstances beyond its control, is considered excusable time and likewise added to the mechanical run date.  Pa.R.Crim.P. 600(G); *accord Commonwealth v. Wholaver*, 989 A.2d 883, 899 (Pa. 2010), *cert. denied*, *Wholaver v. Pennsylvania*, 562 U.S. 933 (2010).  "'Excusable delay' is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due

diligence." ***Commonwealth v. Hunt***, 858 A.2d 1234, 1241 (Pa. Super.

2004), *appeal denied*, 875 A.2d 1073 (Pa. 2005).

> "Due-diligence is a fact-specific concept that is determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." ***Commonwealth v. Booze***, 953 A.2d 1263, 1273 (Pa. Super. 2008) (quotations and quotation marks omitted). "Judicial delay may justify postponing trial beyond the adjusted run date if the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of 'scheduling difficulties and the like.'" ***Preston***, [***supra***] at 14 (citation omitted).

***Commonwealth v. Lynch***, 57 A.3d 120, 124 (Pa. Super. 2012), *appeal*

*denied*, 63 A.3d 1245 (Pa. 2013). Any time prior to trial, a defendant may

move the trial court for dismissal of the charges if the Commonwealth has

violated the Rule. Pa.R.Crim.P. 600(G).

At the June 19, 2014 Rule 600 hearing, the trial court made the

following findings as reiterated in its Rule 1925(a) opinion.

> A. May 23, 2012 to October 24, 2012: Both parties conceded that the first 154 days count against the Commonwealth. As a result, [the trial c]ourt determined this period of time goes against the Commonwealth.
>
> B. October 24, 2012 to January 15, 2013: This period of time is excludable due to concession by Appellant. As a result, [the trial c]ourt determined this period of time goes against Appellant.

C. January 15, 2013 to April 17, 2013: Here, [the trial c]ourt determined this period of time counts against the Commonwealth.

D. April 17, 2013 [to] July 8, 2013: A guilty plea hearing was scheduled to occur on April 17, 2013. However, on April 17, 2013, Appellant changed his mind about pleading guilty and requested this matter be placed back on the Pre-Trial Conference list. Appellant also signed a Rule 600 waiver and conceded that this period is excludable. As a result, [the trial c]ourt determined this period of time goes against Appellant.

E. July 8, 2013 [to] October 29, 2013: [The trial c]ourt determined this period counts against the Commonwealth, because there is nothing in the record to show otherwise.

F. October 29, 2013 [to] December 12, 2013: [The trial c]ourt determined this period of time counts against Appellant because his counsel requested a continuance on October 29, 2013.

G. December 12, 2013 [to] February 11, 2014: [The trial c]ourt determined this period of time goes against the Commonwealth.

H. February 11, 2014 [to] June 1, 2014: [The trial c]ourt determined that this period of time is an excusable delay due to the police officer's unavailability.

Trial Court Opinion, 9/15/14, at 7-8; *see also* N.T., 6/19/14, at 51-55.

In his first issue, Appellant contends the trial court, based on its own findings, miscalculated the adjusted run date under Rule 600. Appellant's Brief at 11. Specifically, Appellant contends it was error for the trial court to treat Appellant's April 17, 2013 waiver as creating a new start date for calculating Rule 600's 365-day period, rather than merely extending the run

date from April 17, 2013, to the next scheduled event, in this case to July 8, 2013. *Id.* at 14; *See* Trial Court Opinion, 9/15/14 at 8; *see also* N.T., 6/19/14, at 52. The trial court reasons as follows. "Based on the above time breakdown, Appellant signed a Rule 600 waiver on April 17, 2013. As such, the Commonwealth had 365 days from the date Appellant signed the Rule 600 waiver to bring him to trial. This Court computed that day number 304 started on February 11, 2014…." Trial Court Opinion, 9/15/14, at 8.

Appellant contends "[t]he trial court's arbitrary decision to begin the 365 day period within which [Appellant] should have been tried on April 17, 2013, ignores the previous 329 days that had elapsed since the complaint was filed, 246 of which the trial court determined did not constitute excludable or excusable delay" Appellant's Brief at 14. The Commonwealth concedes this was error. "The Commonwealth concedes that the trial court improperly calculated the adjusted run date in its opinion because it used the date of [Appellant's] waiver as its start-date." Commonwealth's Brief at 5 n.2. We agree.

> In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods … for which he expressly waived his rights under Rule 600. … If the defense does indicate approval or acceptance of the continuance, **the time associated with the continuance** is excludable under Rule 600 as a defense request.

*Hunt*, *supra* at 1241 (citations omitted, emphasis added).

The trial court's miscalculation resulted in an improperly stated adjusted run date. Based on the specific findings of the trial court, the mechanical run date under Rule 600 is 365 days from the date of the filing of the criminal complaint on May 23, 2012, or May 23, 2013. Trial Court Opinion, 9/15/14, at 7. The trial court found three periods of excludable delay based on Defense-requested continuances and or Rule 600 waivers. The first of these was the 83 days from October 24, 2012, to January 15, 2013, which brought the adjusted run date to August 14, 2013. *Id.* The second excludable period was the 82 days from April 17, 2013 to July 8, 2013, which brought the adjusted run date to November 4, 2013. *Id.* The last of these was the 44 days from October 29, 2013 to December 12, 2013, which brought the adjusted run date to December 18, 2013. *Id.* The Commonwealth did not bring Appellant to trial by that date. Thus, the trial court's conclusion, based on its express findings that, "day number 304 started on February 11, 2014" is erroneous.[4] Rather, based on a proper calculation of the trial court's expressly found excludable time, as of February 11, 2014, Appellant's trial was already 55 days past the adjusted

_____

[4] The trial court also determined there was one period of excusable delay, *i.e.*, the 111 days from February 11, 2014 to June 1, 2014 due to the unavailability of Officer Kozak, who was on injury leave during that time. Trial Court Opinion, 9/15/14, at 8. Appellant does not challenge this finding. Additionally, Appellant raised no renewed challenge to the 44-day period from June 1, 2014, to July 15, 2014, the date of trial, which we deem is also excludable or excusable. Accordingly, we do not need to review the periods after February 11, 2014 in the context of the Commonwealth's Rule 600 compliance in this case.

run date of December 18, 2013. This is calculated by adding the 209 days of identified excludable time as of February 11, 2014 to the mechanical run date of May 25, 2013.

Based on the foregoing, we agree with the parties that the trial court erred. *See Hunt*, *supra*. Accordingly, to prevail, it was incumbent upon the Commonwealth to demonstrate additional excludable or excusable time that would extend the adjustable run date beyond February 11, 2014. This leads us to Appellant's second issue.

In his second issue, Appellant asserts that the trial court's general conclusion that the Commonwealth acted with due diligence in timely commencing trial is unsupported by the evidence adduced at the Rule 600 motion hearing. Appellant's Brief at 15-16. "There is nothing in the record to support the trial court's determination that the Commonwealth exercised reasonable diligence in bringing [Appellant] to trial, and as such, its decision was arbitrary and baseless and constituted an abuse of discretion." *Id.* at 16. Specifically, with reference to delays attributable to the failure to transport Appellant to the courthouse on several occasions, Appellant contends as follows.

> The Commonwealth was aware that [Appellant] was an inmate in a state correctional institution, and that on several occasions[] [Appellant] was not transported to court. [Appellant's] previous counsel described the situation as "a chronic problem of him not being brought down from the state correctional institution." Nevertheless, the Commonwealth failed to take any action to secure [Appellant's] presence in

time for trial, such as requesting a writ be issued to transport [Appellant], or arranging housing in the Montgomery County Correctional Facility, or coordinating a video conference with the institution where [Appellant] was incarcerated.

*Id.* at 18.

The Commonwealth argues to the contrary that this Court may still affirm the trial court's ruling based on other, more general findings by the trial court. Commonwealth's Brief at 5 n.2. "[The trial court's] error, in itself, is not reversible because the record demonstrates that the trial court reached the proper conclusion, even though it used an improper method. *See Commonwealth v. Miller*, 787 A.2d 1036, 1038 (Pa. Super. 2001) ([the Superior Court] Court may affirm on any grounds)." *Id.*

In addition to the specific findings cited above, the trial court made the following findings.

> [T]here is no evidence in the record of any conduct on the part of the Commonwealth calculated to evade Appellant's speedy trial rights. The record demonstrates the Commonwealth put forth reasonable efforts to bring Appell[ant] to trial within the limits set by Rule 600. The record also demonstrates that most of the circumstances occasioning the postponement, such as Appellant's transportation to the Courthouse, were beyond the control of the Commonwealth. Based on the facts of this case, [the trial c]ourt concluded that the Commonwealth exercised due diligence in bringing Appellant to trial and the circumstances that caused the delay of the trial were excusable.

Trial Court Opinion, 9/15/14, at 9. Having already concluded, albeit based on a faulty calculation, that the adjusted run date had not been reached, the

trial court did not specifically identify and quantify these additional periods of excusable delay or include them in its adjusted run date calculation. Nevertheless, we conclude the trial court's findings are supported by the record and demonstrate additional excusable delay that supports the trial court's ultimate determination that no Rule 600 violation occurred.

At the Rule 600 motion hearing, Appellant testified that there were several times he was transported from the State Correctional Facility (SCI) at Dallas to SCI Graterford without being further transported to the Montgomery County Courthouse. N.T., 6/19/14, at 31. The record reveals that the trial court issued at least 18 transport orders for Appellant's case prior to the Rule 600 motion hearing.[5] The Commonwealth notes in particular that "[o]n July 19, 2013, defendant was not transported to the courthouse despite the trial court's transportation order. Accordingly, the time from the transportation failure until his next appearance is … excusable." Commonwealth's Brief at 10-11, *citing* **Commonwealth v. Mines**, 797 A.2d 963 (Pa. Super. 2002), *appeal denied*, 812 A.2d 1229 (Pa. 2002).

---

[5] These include orders to transport Appellant from the SCI to the Montgomery County Courthouse for appearances at hearings or conferences scheduled for September 24, 2012, October 24, 2012, January 15, 2013, March 15, 2013, July 8, 2013, July 9, 2013, July 19, 2013, October 18, 2013, October 21, 2013, November 7, 2013, December 12, 2013, December 10, 2013, February 6, 2014, February 10, 2014, February 11, 2014, March 18, 2014, and June 19, 2014, respectively.

In **Mines**, we held "it is not within the control of either the prosecutor or the trial court to bring every defendant to the courtroom when desired." **Mines**, **supra** at 965. Accordingly, the **Mines** Court held that delays occasioned by the absence of an incarcerated defendant despite the "issuance of a bringdown and writ for the defendant's appearance are not chargeable to the Commonwealth." **Id.** Judge Klein, writing for the Majority, further opined as follows.

> As one with twenty-eight years of experience as a trial judge in Philadelphia, I certainly sympathize with the problems of judges and prosecutors trying to obtain the presence of an incarcerated defendant for trial who is in the state prison system on another case. While it is difficult in an individual case to ascertain which of a number of agencies are at fault, the possibilities generally fall with the Clerk of Quarter Sessions, the Sheriff, and the state prison system. These are all independent agencies[]. None report to the prosecutor or the court.

**Id.** at 966.

The cases cited by Appellant for the proposition that the Commonwealth is responsible for taking action to secure an incarcerated defendant's presence for court proceedings did not involve the factual scenario here, where the trial court issued an order to transport Appellant. **See** Appellant's Brief at 17, *citing*, **Commonwealth v. Colon**, 87 A.3d 352 (Pa. Super. 2014), **Commonwealth v. Haynes**, 488 A.2d 602 (Pa. Super. 1985), **Commonwealth v. Pichini**, 454 A.2d 609 (Pa. Super. 1982), and **Commonwealth v. Martin**, 371 A.2d 903 (Pa. Super. 1977). We conclude

the trial court's finding that the Commonwealth acted with due diligence in this case is supported by the record, and the delay occasioned by the failure to bring Appellant to the courthouse despite the trial court's order constitutes excusable time for purposes of calculating the adjusted run date under Rule 600.

In this instance, the excusable time from July 19, 2013 to the next court date of October 18, 2013 is 91 days. By adding the 209 days of previously identified excludable time, and the 91 days we have determined are excusable under Rule 600, to the mechanical run date of May 23, 2013, the adjusted run date as of February 11, 2014, becomes March 19, 2014. Because there is no dispute that all time after February 11, 2014 is either excludable or excusable, the adjusted run date as of April 28, 2014, the date of Appellant's motion to dismiss, becomes June 3, 2014. Accordingly, the trial court did not err in concluding a Rule 600 violation did not occur.

For all the foregoing reasons, we conclude the trial court did not abuse its discretion by denying Appellant's motion to dismiss for violation of Rule 600. **See Bradford**, **supra**. Accordingly, we affirm the July 15, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2015