J-S19003-16

2016 PA Super 75

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| OLLIE THOMPSON, | |
| Appellant | No. 3139 EDA 2014 |

Appeal from the Judgment of Sentence October 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000635-2010

BEFORE:  BENDER, P.J.E., STABILE, J., and MUSMANNO, J.

OPINION BY BENDER, P.J.E.:                    **FILED MARCH 30, 2016**

Ollie Thompson appeals from the judgment of sentence of 5–10 years' incarceration imposed following his conviction for possession with intent to deliver a controlled substance (PWID), 35 P.S. § 780–113(a)(30).[1]  We vacate the judgment of sentence and dismiss the charges against Appellant pursuant to Pa.R.Crim.P. 600.

In December 2009, Appellant was arrested and charged with PWID and related offenses after police observed Appellant engage in an illegal narcotics transaction.  In October 2011, the trial court denied Appellant's

---

[1] Appellant was deemed eligible for recidivism risk reduction incentive (RRRI).  **See** 61 Pa.C.S. §4503.  Accordingly, his minimum sentence was reduced to 50 months' incarceration.  **See** 61 Pa.C.S. §4505(c)(2).

motion to dismiss filed pursuant to Rule 600, and this matter proceeded to a jury trial resulting in Appellant's conviction. In January 2012, the trial court sentenced Appellant to a mandatory sentence of 5-10 years' incarceration. *See Commonwealth v. Thompson*, 93 A.3d 478, 482-84 (Pa. Super. 2014) (setting forth a more thorough recitation of the underlying facts and procedural history of this case).

Appellant timely appealed. Appellant challenged *inter alia* the trial court's Rule 600 analysis. Specifically, the trial court had recognized that two, significant periods of delay occurred when Appellant was not transported from state custody, resulting in an aggregate delay of approximately 309 days. The first period was from December 20, 2010, until May 9, 2011 (140 days); the second from May 9, 2011, until October 25, 2011 (169 days). *Id.* at 489. According to Appellant, these delays, which the trial court deemed "administrative error" and thus excusable, should have been attributed to the Commonwealth. *Id.* at 488. Upon review, a unanimous panel of this Court concluded that there was no evidence of record to support the trial court's cursory analysis. *Id.* at 488-89. We further determined *sua sponte* that Appellant's mandatory sentence was illegal. *Id.* at 493-94 (citing *Alleyne v. United States*, 133 S.Ct. 2151 (2013)). Accordingly, we vacated the judgment of sentence and remanded for further proceedings. *Id.* at 494.

Regarding Appellant's Rule 600 challenge, we directed the trial court to consider further the circumstances leading to the two delays:

[I]t is unclear why Appellant was not transferred from state custody on those occasions. Based upon the record before us, it is plausible that these errors were a result of administrative error, either on the part of the trial court or the prison, but it is also plausible that the prosecutor's failure to seek writs from the court caused the delays.

In these circumstances, we conclude that the most prudent course of action is to remand this matter for a hearing for further consideration of the two delays that resulted from the failure to transfer Appellant to the trial court. If it is adequately demonstrated by the Commonwealth that they sought a writ from the trial court to secure Appellant's presence in court on each of those two occasions, no further inquiry is required, and the trial court should leave untouched its holding that no Rule 600 violation occurred. If the Commonwealth cannot provide evidence that it sought one or both of the writs, the trial court should then determine whether Appellant was tried within the time period prescribed by Rule 600. If he was not tried within the prescribed time period, the trial court should then determine whether the Commonwealth acted with due diligence in securing Appellant's presence and/or whether the failure to transfer Appellant was completely beyond the Commonwealth's control.

*Id.* at 488-89 (footnote omitted).

On remand in August 2014, the trial court held an evidentiary hearing. The Commonwealth noted for the record that the Clerk of Quarter Sessions[2] court docket revealed that Appellant had requested a continuance on December 20, 2010. *See* Notes of Testimony (N.T.), 08/22/2014, at 9-10.

_____

[2] The Clerk of Quarter Sessions serves as the clerk of courts for the Court of Common Pleas of Philadelphia County. *See* 42 Pa.C.S. § 2751(c).

However, there was no similar notation regarding May 9, 2011. *Id.* To counter this lack of evidence, the Commonwealth introduced testimony from Attorney Alisa Shver who was the assistant district attorney assigned to the case at the time. A.D.A. Shver testified that her file did not indicate whether a writ was requested or prepared for May 9, 2011. N.T. at 20-21. Thereafter, the following exchange took place:

> Q. What is your standard procedure whenever you handle a case in terms of requesting a writ?
>
> A. My standard procedure is that I request a writ from the clerk, from the Court and from the clerk but because it's such a routine – it's absolutely routine in all cases. I would not have normally marked that in the file that that is a defendant who also is in custody and that was the standard procedure.

*Id.* at 21.

Appellant was not present at the hearing, and so the trial court withheld a decision pending arrangements for Appellant's transportation. *Id.* at 26. Thereafter, in October 2014, a second hearing occurred, at which time the trial court denied Appellant's Rule 600 challenge, finding the testimony of A.D.A. Shver credible and concluding that the Commonwealth had demonstrated by a preponderance of evidence that it had exercised due diligence in securing Appellant's presence for trial. N.T., 10/14/2014, 5-6. The trial court then resentenced Appellant as set forth above.

Appellant timely appealed and now raises the following issues:

> [1.] Did the lower court commit an abuse of discretion by denying Appellant's Rule 600 Motion to dismiss?

[2.] Did the sentencing court commit an abuse of discretion because the sentence was excessive under the circumstances of the case where the [court] failed to consider mitigating circumstances or the statutory factors set forth in 42 Pa.C.S. § 9721(b)?

Appellant's Brief at 4.[3] In light of the following analysis, we do not reach Appellant's second question.

Appellant contends that the trial court erred as a matter of law, and thus abused its discretion, when it denied his Rule 600 motion to dismiss. "Rule 600 was designed to prevent unnecessary prosecutorial delay in bringing a defendant to trial." *Commonwealth v. Brock*, 61 A.3d 1015, 1021 (Pa. 2013).

> Generally, [the Rule] serves to protect a defendant's speedy trial rights, as well as society's right to effective prosecution of criminal cases. To balance these rights, Rule 600(G) requires the court to consider whether the Commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control. Further, the rule states, [i]f, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

*Commonwealth v. Selenski*, 994 A.2d 1083, 1088 (Pa. 2010) (internal punctuation and citations omitted).[4]

---

[3] The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement and filed no opinion.

[4] The Pennsylvania Supreme Court adopted a new Rule 600, effective July 1, 2013. Here, the criminal complaint was filed prior to the new rule; accordingly, we apply the former version. *See Commonwealth v. Brock*, 61 A.3d 1015, 1016 n.2 (Pa. 2013).

We review a trial court's decision to deny a Rule 600 motion for an abuse of discretion. ***Commonwealth v. Ramos***, 936 A.2d 1097, 1100 (Pa. Super. 2007).

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review ... is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

***Id.***

In relevant part, Rule 600 requires that trial shall commence within 365 days from the date on which the complaint is filed. ***See*** Pa.R.Crim.P. 600(A). This straightforward calculation is known as the mechanical run date. ***See, e.g.***, ***Ramos***, 936 A.2d at 1102. However, those periods of delay caused *by a defendant* are excluded from the computation of the length of time of any pretrial incarceration. Pa.R.Crim.P. 600(C). Following these exclusions, if any, we arrive at an adjusted run date by extending the mechanical run date to account for these exclusions. ***See, e.g.***, ***Ramos***, 936 A.2d at 1102. Any other delay that occurs, despite the Commonwealth's due diligence, is deemed excusable and results in further adjustments to the effective run date. Pa.R.Crim.P. 600(G); ***see also***

- 6 -

*Ramos*, 936 at 1102 (explaining that "[e]xcusable delay is a legal construct that takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence") (internal punctuation and citation omitted).

To establish that a delay is excusable, the Commonwealth must demonstrate that it proceeded with due diligence by a preponderance of the evidence. *Selenski*, 994 A.2d at 1089; *see also Commonwealth v. Hill*, 736 A.2d 578, 586 (Pa. 1999).

> Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

*Selenski*, 994 A.2d at 1089 (internal citations omitted). "Due diligence includes, among other things, listing a case for trial prior to the run date, preparedness for trial within the run date, and *keeping adequate records to ensure compliance with Rule 600*." *Ramos*, 936 at 1102 (emphasis added).

"[T]he Commonwealth should be held to the requirement that it exercise due diligence at all times during the pendency of a case." *Commonwealth v. Hawk*, 597 A.2d 1141, 1145 (Pa. 1991). Thus, the Commonwealth must act with due diligence "throughout the period," for each delay not caused by the defendant. *Hill*, 736 A.2d at 586. This requires affirmative action by the Commonwealth. *See Hawk*, 597 A.2d at 1145 (rejecting the Commonwealth's argument that an assigned judge's unavailability precluded the Commonwealth from listing a case for trial).

Here, Appellant's trial commenced on October 25, 2011. This was well beyond the mechanical run date: The complaint was filed against Appellant on December 4, 2009, and thus, the mechanical run date was December 6, 2010. *See* Phila. Cnty. Crim. Complaint DC# 09-15-132041; Pa.R.Crim.P. 600(A)(2)(a); *see also* 1 Pa.C.S. § 1908.

Appellant was responsible for several periods of delay, totaling 150 days of excludable time. *See* N.T. (Rule 600 Motion Hearing), 10/24/2011, at 7-9.[5] Thus, the apparent, adjusted run date was May 5, 2011.

Turning to the two remaining delays, which were the subject of the hearing on remand, evidence established that the first of these occurred when Appellant requested a continuance. *See* N.T., 08/22/2014, at 9-10. Accordingly, Appellant was also responsible for the period of delay from December 20, 2010, until May 9, 2011, totaling another 140 days of excludable time. Thus, the adjusted run date was actually September 22, 2011.

However, there was no evidence presented to the trial court that would justify excluding or excusing the final period of delay from the run date calculation. The delay was not attributable to Appellant. Further, the

---

[5] The trial court totaled the various delays incorrectly, concluding that only 131 days were excludable. *See* Trial Court Opinion, 05/24/2013, at 4 (specifically, erroneously calculating the period from 11/10/2010 until 12/20/2010 as 21 days).

Commonwealth acknowledged that no writ issued to transport Appellant to trial on May 9, 2011, and there was no indication in the Quarter Sessions file or the district attorney's file that a writ was ever requested. *Id.*; *see also* N.T., 08/22/2014, at 20-21.

The Commonwealth sought to excuse this delay by relying on the testimony of A.D.A. Shver, who suggested that it was her standard procedure to request a writ. *Id.* at 21. Thus, the question arises whether her testimony demonstrates due diligence by the Commonwealth. If so, we may excuse the delay from May 9, 2011, until October 25, 2011.

According to Appellant, such testimony is insufficient. This is because, Appellant submits, "mere assertions of due diligence, as well as unsupported facts, are insufficient to meet the required burden." Appellant's Brief at 18 (quoting **Commonwealth v. Caden**, 487 A.2d 1, 4 (Pa. Super. 1984)). In response, the Commonwealth maintains that Appellant's absence on May 9, 2011, should not be attributed to the Commonwealth. According to the Commonwealth, its habitual "use of the writ system constitutes due diligence, notwithstanding repeated failures of corrections officials to comply with the court's order to bring a defendant down from custody." Commonwealth's Brief at 15 (principally citing in support **Commonwealth v. Mines**, 797 A.2d 963 (Pa. Super. 2002); *see also* Commonwealth's Brief at 16-18 (citing Pa.R.E. 406, which provides for the admissibility of evidence

tending to prove an organization's routine practice occurred on a specific occasion).

Appellant's argument is persuasive. Due diligence does not require perfect vigilance, but the Commonwealth must demonstrate affirmatively that it endeavored to secure a defendant's presence when necessary, throughout the pendency of the case. **See Selenski**, 994 A.2d at 1089; **Hill**, 736 A.2d at 586; **Hawk**, 597 A.2d at 1145.

Upon remand, we specifically directed the Commonwealth to demonstrate that it "sought a writ from the trial court to secure Appellant's presence in court" on May 9, 2011. **Thompson**, 93 A.3d at 489. It was unable to do so. In particular, the lack of any notation in the district attorney's file is troubling. **See** N.T., 08/22/2014, at 20-21. This failure to keep adequate records of its efforts to secure Appellant's presence at trial militates against any conclusion the Commonwealth acted with due diligence. **See Ramos**, 936 at 1102.

In our view, the Commonwealth's reliance upon **Mines** is misplaced, as it offers no justification for the Commonwealth's failure to document its efforts. In that case, we examined two delays caused when the defendant was not brought to trial. **Mines**, 797 A.2d at 964-65. Regarding one of the delays, the Quarter Sessions file failed to indicate whether a writ issued. **Id.** Nevertheless, we did not charge the delay to the Commonwealth. **Id.**

There are clear distinctions between *Mines* and the case *sub judice*. In *Mines*, there was no testimony or documentary evidence regarding the contents of the district attorney's file, and the focus of our analysis remained on the Quarter Sessions file. *Id.* Importantly, the question of whether the Commonwealth actually requested a writ never arose in *Mines*. Rather, we merely reasoned that any number of clerical errors could have led to the delay. *Id.* at 965 (concluding that "[t]here are many more possibilities that make it impossible for the [a]ssistant [d]istrict [a]ttorney to know whether a writ he or she requested was in fact prepared").[6] Here, we sought to eliminate the potential confusion caused by clerical error or other, "plausible" reasons for the delay. *See Thompson*, 93 A.3d at 488-89. For these reasons, we deem *Mines* inapposite.

Moreover, A.D.A. Shver's credible testimony did not further inform the court. Despite the admissibility of evidence tending to establish the Commonwealth's habitual use of the writ system, *see* Pa.R.E. 406, such evidence does not pass the threshold requirements established in *Hawk* and *Caden*; *i.e.*, mere assertions of due diligence are insufficient, rather due diligence requires affirmative action. Thus, regardless of whether it is the

---

[6] Notably, in the second delay considered in *Mines*, the evidence demonstrated that a writ issued but was cancelled because there were no beds available in the county jail to accommodate the defendant. *See Mines*, 797 A.2d at 965. We held that such delays are not chargeable to the Commonwealth. *Id.*

common practice or standard procedure for the Commonwealth to request a writ for a defendant's transportation, and we presume that it is, the issue here was whether the Commonwealth did so on a specific date. To be clear, we do not question the trial court's credibility determination. *See* N.T., 10/14/2014, 5-6. Rather, we hold that the credible testimony of A.D.A. Shver was insufficient to establish the Commonwealth's due diligence on May 9, 2011. *See Hawk*, 597 A.2d at 1145; *Caden*, 487 A.2d at 4.

In conclusion, we remanded this matter and directed the Commonwealth to establish that it sought Appellant's presence at trial with due diligence. *Thompson*. It was unable to do so with either documentary or testimonial evidence. *Ramos*; *Caden*. Accordingly, the trial court erred as a matter of law, and we deem this error to be an abuse of discretion. *Ramos*. Despite its assertion to the contrary, the Commonwealth failed to demonstrate that it took affirmative action to secure Appellant's presence for trial. *Hawk*; *Caden*. Accordingly, we may not excuse the delay in Appellant's trial from May 9, 2011, until October 25, 2011. *Selenski*; Pa.R.Crim.P. 600. For these reasons, the judgment of sentence is vacated; the charges against Appellant are dismissed; and Appellant shall be discharged.

Judgment of sentence vacated. Charges dismissed with prejudice. Appellant discharged.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2016