J-A27007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALEXIS MACKEY | : | No. 423 EDA 2021 |

Appeal from the Order Entered February 5, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002556-2019

BEFORE:  PANELLA, P.J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:                 **FILED FEBRUARY 18, 2022**

The Commonwealth of Pennsylvania appeals from the order dismissing the charges against Alexis Mackey pursuant to Pennsylvania Rule of Criminal Procedure 600. The Commonwealth alleges that the trial court abused its discretion when it found that it had not acted with due diligence in prosecuting the case against Mackey. We vacate and remand for further proceedings.

On February 1, 2019, Mackey attacked her mother's boyfriend, James English, with a metal pneumatic door closing mechanism. Subsequently, that same night, Mackey returned with her brother, Raymond Thomas Hobbs, Jr., and three other men. The group questioned English, repeatedly punched him, and then took his keys. English suffered a broken nose and fractured ribs from the attacks. On February 13, 2019, the Commonwealth filed a criminal

complaint charging Mackey with aggravated assault, simple assault, theft by unlawful taking, and receiving stolen property.

The trial court held a preliminary hearing on March 8, 2019, during which the Commonwealth discovered English required Fifth Amendment counsel before testifying. Accordingly, the trial court continued the hearing, directed that English be appointed counsel, and rescheduled the hearing for April 9, 2019. At the rescheduled hearing, English testified to the above facts, and identified Mackey and Hobbs, for the first time, as his attackers. Consequently, the Commonwealth amended the criminal complaint against Mackey to include a charge of conspiracy to commit aggravated assault. Following the hearing, the trial court held Mackey for trial on all charges, and on April 23, 2019, Mackey was formally arraigned, and the docket indicated that discovery was completed. Thereafter, on May 14, 2019, the trial court held a pre-trial conference, at which Mackey requested additional discovery in the form of English's medical records, the police 229 form, and English's FBI criminal extract form;[1] the trial court scheduled trial for July 26, 2019.[2]

_____

[1] The trial court ruled that the police 229 form and the FBI criminal extract were mandatory discovery. **See** Trial Court Opinion, 4/20/21, at 2. While the docket does not indicate this discovery was mandatory, the Commonwealth does not dispute the trial court's characterization.

[2] The docket indicates that the trial court judge at this time, the Honorable Robert P. Coleman, marked the time "excludable." Mackey later disputed that this period was excludable. Judge Coleman ultimately granted Mackey's
*(Footnote Continued Next Page)*

- 2 -

On that date, the Commonwealth sought a continuance to consolidate Mackey's case with the prosecution of two other individuals,[3] who were arrested and charged with crimes arising out of the attack on English. The Commonwealth had also failed to pass the FBI extract and English's medical records. The trial court rescheduled the trial for October 18, 2019, at which time the Commonwealth was not ready to proceed due to its failure to provide the FBI extract and English's medical records to the defense. And so the trial court continued the trial until January 24, 2020.[4] On that date, one of the codefendants' attorneys was not available. As a result, rather than sever Mackey's trial from those of her codefendants, the Commonwealth requested a continuance. The case was next listed for trial on May 19, 2020. However,

_____

motion to correct the docket entry and ruled that the disputed 73-day period "is NOT Time Ruled Excludable."

[3] The record does not identify the charged individuals.

[4] Notably, the docket does not state that there was any outstanding discovery on this date. *See* Docket, 1/24/20; *see also* N.T. Rule 600 Hearing, 12/9/20, at 6 (wherein the Commonwealth states that discovery was complete on January 24, 2020). Per an email exchange between Mackey's attorney and the Commonwealth on January 22, 2020, Mackey's attorney acknowledged receipt of English's medical records and the "483" (an investigation interview record utilized by the Philadelphia police), and further stated that she had "everything."

on March 16, 2020, the Pennsylvania Supreme Court entered an order declaring a statewide judicial emergency due to the COVID-19 pandemic.[5]

The trial court relisted Mackey's case for August 14, 2020.[6] On that date, the trial court was closed due to the ongoing pandemic; trial was rescheduled for December 4, 2020. However, on December 2, 2020, Mackey filed a motion to dismiss her charges pursuant to Rule 600. The Commonwealth filed an answer. The trial court held a hearing on the motion, noting that the parties focused primarily upon three periods of delay and whether they were attributable to the Commonwealth: the 32-day period between the preliminary hearings on March 8, 2019, and April 9, 2019; the 73-day period between the

_____

[5] The Supreme Court further ordered that, as of March 19, 2020,

> Rule of Criminal Procedure 600(C) is hereby SUSPENDED in all judicial districts during the period of the statewide judicial emergency. The purport of this directive is that the time period of the statewide judicial emergency SHALL BE EXCLUDED from the time calculation under Rule 600(C). Nothing in this Order, however, or its local implementation, shall affect a criminal defendant's right to a speedy trial under the United States and Pennsylvania Constitutions - albeit that the circumstances giving rise to this Order and the suspension may be relevant to the constitutional analysis.

*In re Gen. Statewide Jud. Emergency*, 228 A.3d 1283, 1287 (Pa. 2020). The suspension of Rule 600 was subsequently extended to June 1, 2020. *See In re General Statewide Jud. Emergency*, 230 A.3d 1015 (Pa. 2020) (extending the Rule 600 suspension until June 1, 2020); *see also In re General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. 2020) (declaring that the Rule 600 suspension shall end on June 1, 2020).

[6] The docket entry on August 14, 2020, also stated that the "[c]omplaining witness FBI extract" was outstanding.

pretrial conference on May 14, 2019, and the first trial listing on July 26, 2019; and the 52-day period between the third trial listing on January 25, 2020, and the Supreme Court's Covid-19 emergency order on March 16, 2020.

The trial court found that the Commonwealth was not duly diligent in ascertaining English's need for Fifth Amendment counsel before the first preliminary hearing; thus, the 32-day period was included in the Rule 600 calculation. The trial court further found that the Commonwealth conceded that the 73-day period was included in the Rule 600 calculation. Finally, the trial court ruled that the 52-day period between the January 24, 2020 trial listing and the March 16, 2020 order declaring the Covid-19 judicial emergency was also includable because the Commonwealth chose not to sever the cases in light of the unavailability of codefendant's counsel. Specifically, the trial court highlighted that the Commonwealth initiated Mackey's case without any codefendants, and the Commonwealth's choice to consolidate Mackey's older case with two newer cases put it on notice that a Rule 600 violation may occur. Finding that Mackey's run date was February 13, 2020, and that the Commonwealth did not exercise due diligence in bringing Mackey to trial in a timely manner, the trial court granted her Rule 600 motion and discharged her.[7] This appeal followed.

_____

[7] The trial court noted that the Commonwealth was not ready to proceed 397 days after the complaint was filed, but also added that the pandemic shutdown had added another 400 days to the adjusted run date calculation. While the

*(Footnote Continued Next Page)*

- 5 -

On appeal, the Commonwealth raises the following question for our review:

> Did the lower court abuse its discretion by dismissing charges pursuant to Rule 600, where the Commonwealth was ready for trial before the initial run date, where trial would have begun before the run date but for the unavailability of a codefendant's counsel, and where the Commonwealth was not required to sever the cases to comply with Rule 600?

Brief for the Commonwealth at 4.

> In reviewing a trial court's decision in a Rule 600 case,

> an appellate court will reverse only if the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will[,] discretion is abused. Our scope of review is limited to the record evidence from the Rule 600 hearing and the findings of the [trial] court, viewed in the light most favorable to the prevailing party.

***Commonwealth v. Bradford***, 46 A.3d 693, 700 (Pa. 2012) (citations and quotation marks omitted).

The Commonwealth contends that the trial court abused its discretion in granting Mackey's Rule 600 motion and discharging her. ***See*** Brief for the Commonwealth at 11, 21. Initially, the Commonwealth argues that, because it was ready for trial before the initial run date expired, it only must prove "that it acted with due diligence at the last listing before the amended run

---

trial court stated that the delay caused by the pandemic is not attributable to the Commonwealth, ***see*** Trial Court Opinion, 4/20/21, at 3 n.7, it nevertheless found that its ruling gave meaning to Rule 600's codification to Mackey's right to a speedy trial.

- 6 -

date and any listing thereafter to bring the case to trial." *Id.* at 16 (quoting

***Commonwealth v. Mines***, 797 A.2d 963, 965 (Pa. Super. 2002)); ***see also***

Commonwealth's Brief at 20 (contending that "Pennsylvania courts have never

interpreted Rule 600 to require that the Commonwealth prove due diligence

for each and every listing, or that a Rule 600 motion is properly granted where

the Commonwealth is unprepared for a single pre-trial listing."). In reviewing

the last listing – the trial date on January 24, 2020 – the Commonwealth

asserts that it was prepared to try all three codefendants before the run date

expired, and the trial was delayed only because counsel for a codefendant was

unavailable at that listing and the closure of the courts due to the COVID-19

pandemic. ***See id.*** at 11, 13-15, 17, 21. The Commonwealth claims that the

trial court's ruling that it had to sever Mackey's case from her codefendants'

cases to avoid violating Rule 600 was legally erroneous, highlighting that joint

trials are favored in criminal conspiracy cases. ***See id.*** at 11, 13-14.

The Commonwealth also argues that if all of the delays must be

addressed, the 73-day period between the May 14, 2019 pre-trial conference,

and the July 26, 2019 trial listing should not have been attributed to the

Commonwealth because the period was part of the normal progression of the

case. ***See id.*** at 18-19. The Commonwealth claims that the next date after

the discovery requests was the first trial date, and that no matter how speedily

it acted in responding to Mackey's discovery requests, the case would not have

received an earlier trial date. ***See id.*** at 19. The Commonwealth further claims

that it did not concede, and the trial court did not rule, that this period is attributable to the Commonwealth. *See id.* at 18. Finally, the Commonwealth asserts that the 32 days between the preliminary hearings should be excused because that continuance was granted by the trial court's own motion to appoint English's Fifth Amendment counsel, whose availability was outside of the Commonwealth's control. *See id.* at 19-20.

Pertinently, Rule 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Further, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence," while "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1);[8] *see also* Pa.R.Crim.P. 600, cmt. ("If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded"). "[T]he Commonwealth is required to demonstrate that it acted with due

---

[8] In 2012, the Pennsylvania Legislature enacted a new Rule 600, effective as of July 1, 2013. The general dictates of new Rule 600 remained the same as they were prior to adoption, but the prior distinctions between excludable time and excusable delay were abandoned for streamlined review of Commonwealth's due diligence, with a failure to exercise due diligence being considered "includable time." *Commonwealth v. Wiggins*, 248 A.3d 1285, 1289 (Pa. Super. 2021).

diligence during a time period before that period can be deemed excludable." ***Commonwealth v. Harth***, 252 A.3d 600, 617 (Pa. 2021).

"Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010). Due diligence must be demonstrated by a preponderance of the evidence. ***See Bradford***, 46 A.3d at 701. Further, a defendant who has not been brought to trial within the time specified in Rule 600(A) may, at any time prior to trial, "file a written motion requesting that the charges be dismissed with prejudice on the ground that [the] rule has been violated." Pa.R.Crim.P. 600(D)(1). "If the trial court determines that the Commonwealth violated Rule 600, it shall dismiss the charges and discharge the defendant." ***Harth***, 252 A.3d at 615.

Preliminarily, we reject the Commonwealth's claim that we need only review the last listing prior to the run date to determine whether it exercised due diligence. The Commonwealth's reliance on ***Mines*** in this regard is misplaced, as, unlike here, the only disputed listings in the ***Mines*** case were the last two prior to the expiration of the run date. More importantly, this Court previously held that the notion in ***Mines*** that the Commonwealth only had to prove that it acted with due diligence at the last listing before the run date and thereafter was previously overruled by our Supreme Court in ***Commonwealth v. Hawk***, 597 A.2d 1141, 1145 (Pa. 1991) ("the

Commonwealth should be held to the requirement that it exercise due diligence at all times during the pendency of a case"). *See Commonwealth v. Kearse*, 890 A.2d 388, 393 (Pa. Super. 2005).

Recently, our Supreme Court reaffirmed that Rule 600 "expressly calls upon a trial court to assess the Commonwealth's due diligence throughout the life of a case, when faced with a claim that the Commonwealth violated a defendant's speedy trial rights." *Harth*, 252 A.3d at 617; *see also* Pa.R.Crim.P. 600(C)(1) ("periods of delay *at any stage of the proceedings* caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence.") (emphasis added). To summarize, in determining whether Rule 600 requires dismissal of charges against a defendant, the courts of this Commonwealth must first determine the mechanical run date, and then determine whether the Commonwealth exercised due diligence during *any* periods of delay to establish that the period is either includable or excludable under Rule 600. We subsequently add any excludable time to the mechanical run date to arrive at an adjusted run date.

Here, the mechanical run date — 365 days from the date of the filing of the complaint — was February 13, 2020. Next, we must address each of the three time periods in question to determine whether the Commonwealth exercised due diligence in bringing the case to trial. Regarding the 32-day period between the preliminary hearings caused by the failure to have Fifth

Amendment counsel for English, the trial court found that the Commonwealth "had the responsibility to know the substance of its own witness's testimony and therefore it should have been foreseen that its witness required consultation with Fifth Amendment Counsel prior to testifying in [the] Commonwealth's case-in-chief." Trial Court Opinion, 4/20/21, at 9. We agree with the trial court's analysis in this regard, concluding that the Commonwealth did not adequately prepare English or ensure he was ready to testify on the scheduled date. As a result, the Commonwealth failed to exercise due diligence and the trial court did not abuse its discretion in finding that the 32-day period is includable in the Rule 600 calculations. **See Commonwealth v. Mills**, 162 A.3d 323, 325 (Pa. 2017) (holding that the Commonwealth was not prepared for trial during the period at issue, and that the trial court properly included that time in its Rule 600 calculation).

Next, the Commonwealth did not exercise due diligence during the 73-day period between the pretrial conference on May 14, 2019, and the first trial listing on July 26, 2019. While Mackey sought additional discovery on May 14, 2019, after discovery had purportedly concluded, the Commonwealth had failed to provide mandatory discovery, including the FBI criminal extract. We cannot fault the trial court for finding that such a failure constituted a lack of due diligence, and accordingly, the 73-day period is also includable against the Commonwealth under Rule 600. **See Harth**, 252 A.3d at 621 (concluding

that the Commonwealth's failure to fulfill its discovery obligations constitutes a lack of due diligence).

Finally, we conclude that the 52-day period between the date of trial, January 24, 2020, and the rescheduled trial date during the Covid-19 emergency, March 16, 2020, was excludable from the Rule 600 calculations. It is well settled that periods of delay caused by a codefendant, where the Commonwealth is prepared for trial, are not counted against the Commonwealth for purposes of Rule 600. *See Commonwealth v. Hill*, 736 A.2d 578, 592 (Pa. 1999); *Commonwealth v. Jackson*, 765 A.2d 389, 395 (Pa. Super. 2000). Further, "severance is not required of the Commonwealth when it faces a possible Rule 600 violation, and the trial court should not have factored the refusal to sever in its Rule 600 analysis." *Commonwealth v. Robbins*, 900 A.2d 413, 417 (Pa. Super. 2006).

Here, the Commonwealth was ready for trial for all three codefendants on January 24, 2020, and the only thing stopping the trial was the unavailability of codefendant's counsel. Although the Commonwealth did not formally announce its plan to consolidate Mackay's case with those of her codefendants until July 26, 2019, well after the Commonwealth charged Mackey, we cannot conclude that this fact alone equates to a lack of due diligence. Indeed, the record reflects that the Commonwealth was ready for trial on January 24, 2020. Additionally, it is within the Commonwealth's prerogative to not sever the cases, and there is no authority that required it

to do so to prove due diligence under Rule 600. *See Kearse*, 890 A.2d at 394-95 (concluding that the Commonwealth is not required to sever cases when faced with a possible Rule 600 violation, as a prophylactic application of the rule is not in the interest of justice and the rule must account for society's interest in the effective administration of justice).[9] Therefore, because the Commonwealth exercised due diligence, the delay occurred as the result of circumstances beyond the Commonwealth's control, and the trial court rescheduled trial during the Covid-19 shutdown, we conclude that the 52-day period should be excluded from Rule 600 calculations.[10]

Although this conclusion would establish that the trial court abused its discretion in discharging Mackey for a Rule 600 violation on these grounds, the trial court did not address any potential delays during the court closures due to the Covid-19 pandemic. To that end, Mackey maintains that the Commonwealth was not duly diligent because the docket entry on August 14, 2020, when the trial court was still closed due to the pandemic, states that

---

[9] We also note that Mackey argues that the Commonwealth is not required to sever only when it has otherwise been duly diligent throughout the proceedings. We do not find this argument to be compelling, particularly, where, as here, the case was brought to trial prior to the expiration of the mechanical run date. *See Hill*, 736 A.2d at 592 (noting that where trial was initially scheduled before the expiration of the run date, and the Commonwealth was ready for trial, the delays by a codefendant were outside the control of the Commonwealth and were excludable).

[10] The docket does not indicate that any discovery was outstanding on January 24, 2020. Accordingly, like the trial court, our review of this 52-day period is strictly restricted to the severance issue.

the Commonwealth had failed to pass the FBI extract. *See* Appellee's Brief at 16. Based on this docket entry, Mackey also disputes the email correspondence cited by the Commonwealth to establish that discovery was completed, claiming that her attorney was mistaken. *See id.* at 16 n.2.

Upon our review of the docket, we note that the entries on August 14, 2020, December 2, 2020, and December 4, 2020, all state the following: "Complaining witness FBI extract outstanding." Docket, 12/4/20; 12/2/20; 8/14/20. As noted above, the trial court found this extract to be mandatory discovery, and the failure to provide mandatory discovery up until the rescheduled trial date on December 4, 2020, would be in accord with the trial court's other findings of a lack of due diligence by the Commonwealth. *See Harth, supra*. However, the docket entry on January 24, 2020, the date trial was scheduled prior to the pandemic, does not include an entry indicating that the FBI extract was outstanding. This would seem to support the Commonwealth's statement at the Rule 600 hearing, and the email correspondence between the parties that discovery had been completed. In light of this conflicting evidence, and in the absence of factual findings on the issue by the trial court, we cannot determine whether any discovery was outstanding during the pandemic and whether the Commonwealth exercised due diligence in providing the FBI extract to Mackey on this record. For that reason, we are constrained to vacate the order, and direct the trial court to determine whether the Commonwealth had acted with due diligence in

- 14 -

providing this discovery. In making this determination, the trial court must account for the orders from the Supreme Court regarding the closures of the court due to the pandemic and the suspension of the Rule 600 rules.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2022