J-S78021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :          PENNSYLVANIA
                                         :
            v.                               :
                                       :
                                       :
THOMAS BROWN                     :
                                       :
           Appellant           :       No. 648 WDA 2017

Appeal from the PCRA Order March 7, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0017179-2001

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:             **FILED MARCH 27, 2018**

Appellant, Thomas Brown, appeals from the March 7, 2017 Order dismissing Appellant's third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

On April 21, 2005, a jury convicted Appellant of Robbery and Aggravated Assault[1] in connection with the July 21, 2001 shooting of a Pittsburgh jitney driver.[2]  On June 23, 2005, the court sentenced Appellant to two concurrent terms of 8 to 20 years' incarceration and ordered Appellant to pay $6,000.00 in restitution.  The court gave Appellant 1,224 days' credit for time served.  Appellant did not file a Post-Sentence Motion. This Court affirmed Appellant's Judgment of Sentence on June 20, 2006, and

_____

[1] 18 Pa.C.S. § 3701(a)(1) and 18 Pa.C.S. § 2702(a), respectively.
[2] A jitney is an unlicensed taxi.

_____
\*   Retired Senior Judge assigned to the Superior Court.

on February 22, 2007, our Supreme Court denied Appellant's Petition for Allowance of Appeal. *See Commonwealth v. Neil McWilson A/K/A Thomas Brown*, No. 1290 WDA 2005 (Pa. Super. filed June 20, 2006) (unpublished memorandum), *appeal denied*, 917 A.2d 313 (Pa. filed February 22, 2007). His Judgment of Sentence, thus, became final on March 23, 2007.

On June 13, 2007, Appellant filed his first PCRA Petition. The PCRA court dismissed this Petition on March 2, 2010, and this Court affirmed on March 21, 2011. *See Commonwealth v. Brown*, 26 A.3d 1200 (Pa. Super. 2011) (unpublished memorandum). Appellant did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.

On June 8, 2016, Appellant filed a *pro se* "Petitioner's Amendment," which the PCRA court treated as a second PCRA Petition. In his "Petitioner's Amendment" Appellant alleged that his sentence is illegal pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013)[3] and *Commonwealth v. Wolfe*, 121 A.3d 433 (Pa. 2015) (*per curiam*). Petitioner's Amendment, 6/8/16, at ¶¶ 2-4. The PCRA court dismissed this Petition on August 30, 2016. Appellant did not seek appellate review of this Order.

---

[3] On June 17, 2013, the U.S. Supreme Court held in *Alleyne*, that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. *Alleyne*, 750 U.S. at 114-15.

On December 28, 2016, Appellant filed the instant PCRA Petition, his third. In his Petition, Appellant again alleged that his sentence is illegal pursuant to **Alleyne**, **supra** and **Wolfe**, **supra**. Petition, 12/28/16, at ¶¶ 2, 10, 12. On February 8, 2017, the PCRA court issued a Notice of Intent to Dismiss Appellant's PCRA Petition pursuant to Pa.R.Crim.P. 907 as untimely. Appellant did not file a Response to this Notice. Thus, on March 7, 2017, the court dismissed Appellant's Petition.

This timely appeal followed. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> [Appellant] was subjected to an illegal sentence on CC No. 17179-2001[] because he was sentenced to the mandatory minimum under 42 Pa.C.S.[] § 9712. The facts needed to impose the mandatory minimum sentence were not found beyond a reasonable doubt[] by a factfinder, nor after notice and presentation of the evidence contrary to **Commonwealth v. Thompson**, 136 A.3d 178 (Pa. Super. 2016); **Commonwealth v. Watley**, 81 A.3d 108 (Pa. Super. 2013); and **Alleyne v. United States**, [ ] 133 S. Ct. [2151] (2013).

Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine

- 3 -

issues of material fact.  *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition.  *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S. § 9545(b)(1).  A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).  The statutory exceptions to the timeliness provisions allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented.  *See* 42 Pa.C.S. § 9545(b)(1)-(2).

Here, Appellant's Judgment of Sentence became final on March 23, 2007, upon expiration of the time to file a Petition for Writ of *Certiorari* with the U.S. Supreme Court.  *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. In order to be timely, Appellant must have submitted his PCRA Petition by March 23, 2008.  *See* 42 Pa.C.S. § 9545(b)(3).  Appellant filed the instant

PCRA on December 28, 2016, over 8 years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely.

Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii), alleging that his illegal sentence claim is based on a newly-recognized constitutional right as provided in **Alleyne**, which he asserts is retroactive in application. This attempt fails.

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. **See** 42 Pa.C.S. § 9545(b); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); **Commonwealth v. Riggle**, 119 A.3d 1058, 1064-67 (Pa. Super. 2015); **Commonwealth v. Miller**, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition); **Commonwealth v. Ruiz**, 131 A.3d 54, 56 (Pa. Super. 2015) (remanding for resentencing without mandatory minimum where defendant was sentenced 12 days before **Alleyne**, his judgment of

sentence was not final on the date *Alleyne* was decided, and the defendant filed a timely PCRA Petition over which this Court had jurisdiction).

Our Supreme Court has reiterated that *Alleyne* does not apply retroactively on post-conviction collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. *See* PCRA Ct. Op. at 3-5. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2018