J-S38042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAJUAN DEMAR DAVIS | : | |
| | : | |
| Appellant | : | No. 574 WDA 2021 |

Appeal from the Judgment of Sentence Entered May 4, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002484-2018

BEFORE: BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: MAY 20, 2022**

Appellant, Jajuan Demar Davis, appeals from the aggregate judgment of sentence of 18 to 36 months' incarceration imposed by the Court of Common Pleas of Fayette County following a jury trial at which he was convicted of carrying a firearm without a license, possession of a controlled substance, possession of a small amount of marijuana, and operating a vehicle without a license plate light.[1] After careful review, we affirm Appellant's convictions and judgment of sentence for carrying a firearm without a license, possession of a small amount of marijuana, and operating a vehicle without a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6106(a)(1), 35 P.S. § 780-113 §§ (a)(16) and (31), and 75 Pa.C.S. § 4303(b), respectively.

license plate light, but vacate his conviction and judgment of sentence for possession of a controlled substance.

This case arises out of a traffic stop that occurred on September 22, 2017 at approximately 3:00 a.m. when a state trooper observed a vehicle drive by with no light illuminating its license plate. Trial Court Opinion, 6/30/21, at 2; N.T. Suppression Hearing at 4-6, 11, 15-17. The trooper followed the vehicle, which was being driven by Appellant, to confirm that the license plate was not illuminated and after confirming this, had Appellant pull over to the side of the roadway. Trial Court Opinion, 6/30/21, at 2; N.T. Suppression Hearing at 5-7, 11, 15. The trooper approached the passenger side of the vehicle and, when Appellant rolled down the window, the trooper smelled a strong odor of alcohol and an odor of marijuana coming from the vehicle. Trial Court Opinion, 6/30/21, at 2; N.T. Suppression Hearing at 6-7, 13, 17-18. The trooper asked Appellant to come out of the vehicle to perform field sobriety tests and observed a handgun wedged between the driver's seat and the console when the Appellant exited the vehicle. Trial Court Opinion, 6/30/21, at 2; N.T. Suppression Hearing at 7-9, 20-22. The trooper then frisked Appellant to determine that Appellant had no other weapon and conducted field sobriety tests. Trial Court Opinion, 6/30/21, at 2; N.T. Suppression Hearing at 8-9, 12, 14. Because the field sobriety tests showed several indicators of impairment and Appellant smelled of alcohol even away from the vehicle, the trooper placed the Appellant under arrest for driving

under the influence (DUI). Trial Court Opinion, 6/30/21, at 2; N.T. Suppression Hearing at 9-10, 14, 22-23. After arresting Appellant, the trooper searched Appellant again and found a baggie of cocaine in his pants pocket. Trial Court Opinion, 6/30/21, at 2; N.T. Suppression Hearing at 10, 14. The trooper then searched the vehicle and found a small amount of marijuana inside the vehicle and another baggie of cocaine in the gas cap. Trial Court Opinion, 6/30/21, at 2; N.T. Suppression Hearing at 13-14.

On August 16, 2018, Appellant was charged with carrying a firearm without a license, possession of a controlled substance with intent to deliver (PWID), possession of a controlled substance, possession of a small amount of marijuana, possession of drug paraphernalia, DUI, and the summary offenses of driving on a suspended license and operating a vehicle without a license plate light. Criminal Complaint. Appellant was arrested on those charges on August 24, 2018. Docket Entries at 1. Appellant filed a motion to suppress on September 28, 2020, in which he challenged the traffic stop and asserted that police were required to obtain warrant before searching Appellant's vehicle. The trial court, on February 4, 2021, held a hearing on the motion to suppress at which the trooper who stopped Appellant's vehicle testified, and denied the motion to suppress on March 17, 2021.

This case was tried to a jury from May 3 to May 4, 2021. On April 30, 2021, before the start of trial, Appellant filed a motion to dismiss all charges with prejudice on the ground that the Commonwealth failed to bring him to

trial within 365 days as required by Pa.R.Crim.P. 600. The trial court held a hearing on this motion on May 3, 2021 before trial commenced and denied the motion to dismiss. N.T. Rule 600 Hearing at 29.

On May 4, 2021, the jury convicted Appellant of carrying a firearm without a license, possession of a controlled substance, and possession of a small amount of marijuana, and acquitted him of possession of drug paraphernalia and DUI. Jury Verdict Forms. The jury deadlocked on the PWID charge and the trial court declared a mistrial on that charge. 5/4/21 Trial Court Order.[2] On the two summary offense charges, the trial court found Appellant guilty of operating a vehicle without a license plate light and acquitted Appellant of driving on a suspended license. Trial Court Non-Jury Verdict Orders. The trial court sentenced Appellant to 18 to 36 months' imprisonment for the carrying a firearm without a license conviction and a concurrent term of 6 to 12 months' imprisonment for possession of a controlled substance and imposed no further penalty for possession of a small amount of marijuana and operating a vehicle without a license plate light. Sentencing Orders. This timely appeal followed.

Appellant presents the following two issues for our review:

1. Did the trial court commit an error of law and/or abuse its discretion in denying Appellant's Motion to Suppress?

_____

[2] The Commonwealth subsequently entered a nolle prosequi with respect to the PWID charge. 5/17/21 Nolle Prosequi Order.

2. Did the trial court commit an error of law and/or abuse its discretion in denying Appellant's Rule 600 Motion?

Appellant's Brief at 11 (suggested answers omitted). We address Appellant's second issue first.

Pennsylvania Rule of Criminal Procedure 600 requires that the Commonwealth bring a defendant to trial within 365 days from the date on which the criminal complaint was filed. Pa.R.Crim.P. 600(A)(2)(a); *Commonwealth v. Barbour*, 189 A.3d 944, 947 (Pa. 2018). Rule 600 provides that in determining whether the 365-day period has expired, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence" and that "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1); *see also Commonwealth v. Harth*, 252 A.3d 600, 615 (Pa. 2021).

If the defendant is not brought to trial within that period, he may file a motion at any time before trial requesting dismissal of the charges against him with prejudice. Pa.R.Crim.P. 600(D)(1); *Harth*, 252 A.3d at 615. When such a motion is filed, the trial court is required to conduct a hearing and identify each period of delay and attribute it to the responsible party to adjust the 365-day period and determine the date by which the defendant must be tried. Pa.R.Crim.P. 600(D)(1); *Barbour*, 189 A.3d at 947. If the trial court finds that the defendant was not brought to trial within Rule 600's time limit,

- 5 -

it must dismiss the charges and discharge the defendant. *Harth*, 252 A.3d at 615.

For periods of delay not caused by the defendant, the burden is on the Commonwealth to show by a preponderance of the evidence that it acted with due diligence to bring the defendant to trial within Rule 600's time limit. *Harth*, 252 A.3d at 617-18; *Commonwealth v. Thompson*, 136 A.3d 178, 182-83 (Pa. Super. 2016). Where the record shows that the Commonwealth had not complied with its discovery obligations during periods of judicial delay, those periods of judicial delay are not excludable from the Rule 600 calculation. *Harth*, 252 A.3d at 619-22.

We review a trial court's denial of a Rule 600 motion to dismiss for abuse of discretion. *Commonwealth v. Leaner*, 202 A.3d 749, 765-66 (Pa. Super. 2019); *Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa. Super. 2018); *Thompson*, 136 A.3d at 182. In addition, when considering whether dismissal is required under Rule 600,

> this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner

consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

**Bethea**, 185 A.3d at 370 (quoting **Commonwealth v. Wendel**, 165 A.3d 952 (Pa. Super. 2017)) (brackets and ellipsis in original) (emphasis omitted).

Here, the criminal complaint was filed on August 16, 2018 and Appellant's trial began on May 3, 2021, 991 days after the criminal complaint was filed. The trial court found, however, that a total of 639 days, consisting of 35 days in 2018, 116 days in 2019 and all of 2020 and of 2021 up to the May 3, 2021 date of trial were excludable time and that the commencement of his trial was therefore within Rule 600's time limit. Trial Court Opinion, 6/30/21, at 5-7. The trial court's findings that at least 630 of those days of delay were excludable are supported by the record.

The record shows that Appellant caused a delay of 26 days in 2018, from November 14, 2018 when he failed to appear for his preliminary hearing until he was apprehended on a bench warrant on December 10, 2018 and again released on bail. N.T. Rule 600 Hearing at 10, 21-22, 25; 11/19/18 Bench Warrant; 12/10/18 Trial Court Order.[3] The record shows that on

---

[3] The trial court also found that 8 days of delay from August 16, 2018 to August 24, 2018 in arresting Appellant were excludable. Trial Court Opinion, 6/30/21, at 5-6. We need not decide whether this time was excludable because the other days of excludable time bring Appellant's trial within the Rule 600 time limit.

September 6, 2019, Appellant requested a continuance until February 7, 2020, resulting in 116 days of excludable time in 2019 from the Rule 600 time calculation. N.T. Rule 600 Hearing at 5, 11; 9/6/19 Continuance Request.

The record also shows that all time in 2020, 366 days, and all time in 2021, 122 days, was properly excluded by the trial court. All of the delay in 2020 up to February 7, 2020 was caused by Appellant's September 2019 continuance request. N.T. Rule 600 Hearing at 5, 11; 9/6/19 Continuance Request. On February 3, 2020, before this continuance ended, Appellant requested an additional 90-day continuance. N.T. Rule 600 Hearing at 12-13; 2/3/19 Continuance Request. Before that second continuance ended, the Pennsylvania Supreme Court issued an order on March 18, 2020, declaring a judicial emergency in light of the COVID-19 pandemic, which closed the courts for most functions and "DIRECTED that Rule of Criminal Procedure 600(C) is hereby SUSPENDED in all judicial districts during the period of the statewide judicial emergency" and "that the time period of the statewide judicial emergency SHALL BE EXCLUDED from the time calculation under Rule 600(C)." *In re General Statewide Judicial Emergency*, 228 A.3d 1283, 1285-87 (Pa. 2020) (emphasis in original). The statewide judicial emergency and suspension of Rule 600 was extended to and ended June 1, 2020.[4] After

---

[4] *See In re General Statewide Judicial Emergency*, 229 A.3d 229 (Pa. 2020); *In re General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. 2020); *In re General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. 2020).

the statewide judicial emergency was lifted, however, jury trials in Fayette County were restricted through September 2020 to cases where the defendant was incarcerated pending trial and because Appellant was out on bail, his jury trial could not be held during this time period. N.T. Rule 600 Hearing at 13-15, 24; Trial Court Opinion, 6/30/21, at 5-6.

In September 2020, before this excluded period ended, Appellant filed a motion to suppress the Commonwealth's evidence against him. N.T. Rule 600 Hearing at 16; Trial Court Opinion, 6/30/21, at 5-6. A hearing on that motion, originally scheduled for December 2020, was continued to February 4, 2021 as a result of Appellant's counsel's COVID-19 exposure. Trial Court Opinion, 6/30/21, at 6; 12/22/20 Trial Court Order. Following that hearing, the trial court denied the suppression motion on March 17, 2021. N.T. Rule 600 Hearing at 16; Trial Court Opinion, 6/30/21, at 5. Time between the defendant's filing of a motion to suppress and the court's ruling on the motion is excluded from the calculation of the Rule 600 time limit unless the Commonwealth did not exercise due diligence in responding to the motion or delayed the resolution of the defendant's motion. **Commonwealth v. Hill**, 736 A.2d 578, 587-88 (Pa. 1999); **Commonwealth v. Cook**, 865 A.2d 869, 875-76 (Pa. Super. 2004). There is no claim that the Commonwealth failed to respond diligently to the motion to suppress or that it caused any delay in the resolution of the motion. To the contrary, the delay in the hearing on the motion was caused by Appellant's counsel's unavailability.

Because Fayette County commences jury trials only in the first full week of every month, the earliest possible date that Appellant's trial could begin after denial of his motion to suppress was April 5, 2021. N.T. Rule 600 Hearing at 5-6, 16; Trial Court Opinion, 6/30/21, at 6. Appellant, however, failed to appear for trial on April 5, 2021, and a bench warrant again was issued. N.T. Rule 600 Hearing at 16; 4/5/21 Bench Warrant; Trial Court Opinion, 6/30/21, at 5. Although the bench warrant was lifted on April 7, 2021, at that point, as a result of Appellant's failure to appear, other cases had been assigned to all trial courtrooms and there were no courtrooms available for trial until the May 2021 trial term, which began May 3, 2021. N.T. Rule 600 Hearing at 6, 16-18; 4/7/21 Trial Court Order; Trial Court Opinion, 6/30/21, at 5-6.

The record does not show any lack of diligence by the Commonwealth or that it was not prepared to go to trial during the periods of judicial delay that the trial court excluded. The only period where the record shows the Commonwealth was not prepared to proceed or sought delay was in the period from September 5, 2018 to November 14, 2018, when the Commonwealth sought a continuance of the preliminary hearing, and that period was not excluded by the trial court in its Rule 600 calculation. N.T. Rule 600 Hearing at 25; Trial Court Opinion, 6/30/21, at 6. Appellant did not argue before the trial court that the Commonwealth had failed to comply with its discovery obligations or failed to act with diligence to move the case to trial. Rather, Appellant argued that various periods of time between June and September

- 10 -

2020 should not have been excluded from the Rule 600 calculation because Appellant allegedly could have been tried in those time periods. N.T. Rule 600 Hearing at 25-29; Appellant's Rule 600 Motion to Dismiss ¶14. The trial court, however, found that Appellant could not be tried during any of those times because no jury trials were held in June 2020 and jury trials in July to September 2020 were limited to incarcerated defendants. N.T. Rule 600 Hearing at 13-15, 24; Trial Court Opinion, 6/30/21, at 5-6.

Because at least 630 of the 991 days between the filing of the criminal complaint and Appellant's trial are excludable time, no more than 361 days of the 365-day period within which trial must commence passed before Appellant's May 3, 2021 trial. The trial court therefore did not abuse its discretion in concluding that Appellant was brought to trial before Rule 600's time limit expired and its denial of Appellant's Rule 600 motion must be affirmed.

In the other issue that he has raised, Appellant argues that the trial court erred in denying his motion to suppress because the trooper lacked reasonable suspicion or probable cause for the traffic stop and because no exigent circumstances were shown that would permit the warrantless search of his vehicle. We conclude that the trial court correctly held that the traffic stop did not violate Appellant's constitutional rights and that it did not err in denying the motion to suppress the gun, the cocaine seized from Appellant's

person, and the marijuana, but agree with Appellant that the trial court erred in denying his motion to suppress the cocaine found in the vehicle's gas cap.

Our standard of review on this issue is well-settled:

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Heidelberg*, 267 A.3d 492, 498-99 (Pa. Super. 2021) (*en banc*) (quoting *Commonwealth v. Bumbarger*, 231 A.3d 10 (Pa. Super. 2020)).

A law enforcement officer has authority to stop a motor vehicle where he has reasonable suspicion that the vehicle or driver is in violation of the Vehicle Code and further investigation is needed to determine that a violation has occurred or where he has probable cause to believe that the vehicle or driver is in violation of the Vehicle Code. 75 Pa.C.S. § 6308(b); *Commonwealth v. Shaw*, 246 A.3d 879, 883-84 (Pa. Super. 2021); *Commonwealth v. Salter*, 121 A.3d 987, 992-93 (Pa. Super. 2015); *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*). Here, the evidence at the suppression hearing showed that the trooper had probable cause to believe that Appellant was in violation of the Vehicle Code.

Section 4303 of the Vehicle Code provides that "**[e]very vehicle operated on a highway shall be equipped with a rear lighting system including**, but not limited to, rear lamps, rear reflectors, stop lamps and **license plate light, in conformance with regulations of the department**." 75 Pa.C.S. § 4303(b) (emphasis added). The applicable department regulations provide that this license plate light "shall emit white light and make the registration plate visible from [a] distance of 50 feet to the rear of the vehicle." 67 Pa.Code § 175.66(k); *Salter*, 121 A.3d at 993 (brackets in original). The trooper testified that there did not appear to be any light on the license plate of Appellant's vehicle when Appellant passed through the intersection in front of him and that before he stopped Appellant, he followed Appellant's vehicle and confirmed that the license plate was not illuminated by turning off his headlights. N.T. Suppression Hearing at 5-6, 11, 15-17. That testimony is sufficient to establish probable cause for the traffic stop and for the trooper to approach Appellant's vehicle and communicate with him. *Shaw*, 246 A.3d at 884-85; *Salter*, 121 A.3d at 993-94.

The only action other than the traffic stop that Appellant contends violated his rights under the Fourth Amendment to the United States Constitution or Article I, Section 8 of the Pennsylvania Constitution is the warrantless search of his vehicle after he was arrested. N.T. Suppression Hearing at 12-13. Appellant specifically stated at the suppression hearing that

he was not challenging the legality of the trooper's request that Appellant perform sobriety tests or the DUI arrest. *Id.* at 13. Neither the gun nor the cocaine on Appellant's person were found in the search of the vehicle that Appellant has challenged.

Rather, the trooper testified that he saw the gun in plain view when Appellant got out of the vehicle to perform field sobriety tests and the trial court found that the gun was in plain view. N.T. Suppression Hearing at 7-9, 20-22; Trial Court Opinion, 3/17/21, at 3; Trial Court Opinion, 6/30/21, at 3-4. The plain view doctrine is an established exception to the warrant requirement and applies where an object in a vehicle is visible to a law enforcement officer from a lawful vantage point outside the vehicle. *Heidelberg*, 267 A.3d at 504; *Commonwealth v. Lutz*, 270 A.3d 571, 577 (Pa. Super. 2022). "There can be no reasonable expectation of privacy in an object that is in plain view." *Heidelberg*, 267 A.3d at 504 (quoting *Bumbarger*). Appellant does not argue that the requirements of the plain view doctrine were not satisfied with respect to the gun.

The cocaine on Appellant's person was found in the trooper's search of Appellant following the DUI arrest. N.T. Suppression Hearing at 10, 14. The search incident to arrest exception to the warrant requirement permits arresting officers to search an arrestee's person as a matter of course without a determination of whether such search is needed to protect officer safety or evidence in that case. *Lutz*, 270 A.3d at 579-80; *Commonwealth v.*

- 14 -

*Yorgey*, 188 A.3d 1190, 1198 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Simonson**, 148 A.3d 792, 799 (Pa. Super. 2016). Because Appellant did not contest the lawfulness of his DUI arrest, the search that found the cocaine on Appellant's person was therefore constitutionally permissible.

The denial of Appellant's motion to suppress the marijuana and cocaine found in Appellant's vehicle, however, cannot be sustained on these bases. Neither was in plain view; both were seized in the search of the vehicle that Appellant has challenged. Although Appellant had been arrested, the vehicle search cannot be upheld as a search incident to arrest because the vehicle was no longer within Appellant's control. *Lutz*, 270 A.3d at 580. The trial court held that the search was constitutionally permissible because the trooper had probable cause to believe that Appellant was engaged in criminal activity and that even if the search was improper, exclusion of these items was not required because they would have been discovered in an inventory search of the vehicle. Trial Court Opinion, 6/30/21, at 4; Trial Court Opinion, 3/17/21, at 3.

We agree with Appellant that the warrantless search of Appellant's vehicle violated his rights under Article I, Section 8 of the Pennsylvania Constitution. In **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020), our Supreme Court held that under Article I, Section 8, searches of automobiles are not automatically exempt from the requirement that police obtain a warrant and that a warrantless search of a vehicle is unconstitutional,

even though the police have probable cause, unless exigent circumstances or another exception to the warrant requirement is shown. *Id.* at 180-81, 207-08. The Commonwealth did not show and the trial court did not find any exigent circumstances that justified the search of Appellant's vehicle or that any other exception to the warrant requirement applied to the search of the car and seizure of these two items.

Even where a search or seizure violates Article I, Section 8, however, suppression of evidence is not required where the evidence would inevitably have been obtained through lawful means without the unconstitutional search or seizure. *Heidelberg*, 267 A.3d at 505; *Commonwealth v. Bailey*, 986 A.2d 860, 862 (Pa. Super. 2009). Under this "inevitable discovery" doctrine, suppression is not required where the Commonwealth shows that the vehicle was subject to towing and was going to be towed after the traffic stop and that the evidence in question would have been obtained in a constitutionally permissible inventory search. *Heidelberg*, 267 A.3d at 505-06; *Bailey*, 986 A.2d at 863. Here, the trooper testified that Appellant's vehicle had to be towed after his DUI arrest because it was parked in a lane of travel and that an inventory search would have been conducted and the trial court found that testimony credible. N.T. Suppression Hearing at 9, 22-25; Trial Court Opinion, 3/17/21, at 3. The record showed that the marijuana was found inside the vehicle and that it therefore would have been found in the inventory search. N.T. Suppression Hearing at 13-14. The trial court therefore properly denied

Appellant's motion to suppress with respect to the marijuana on inevitable discovery grounds.[5]

We cannot, however, affirm the trial court's failure to suppress the cocaine found the vehicle's gas cap on this basis. The trooper testified that the gas cap would not have been searched in an inventory search. N.T. Suppression Hearing at 25. Because the lawful inventory search would not have found it, the second baggie of cocaine would not have inevitably been discovered by lawful means. The trial court therefore erred in denying Appellant's suppression motion with respect to the second baggie of cocaine.

For the reasons set forth above, we conclude that the trial court did not err in denying Appellant's motion to dismiss pursuant to Rule 600 or in denying suppression of the handgun and marijuana that were in his vehicle and the cocaine found on his person, but that it erred in denying his motion to suppress the cocaine found in the search of his vehicle. Because there was no error with respect to any evidence relevant to the firearms, marijuana or summary offense charges against Appellant, we affirm Appellant's firearms, marijuana and summary offense convictions and Appellant's judgment of sentence of

---

[5] The record also shows that the firearm would have been found and seized in the inventory search. N.T. Suppression Hearing at 7-9, 22-24. Therefore, even if suppression of the gun were not denied on plain view grounds, we would affirm the denial of Appellant's suppression motion with respect to the gun on inevitable discovery grounds.

sentence for those convictions.[6]  Because the cocaine that the trial court erroneously failed to exclude was relevant to the possession of a controlled substance charge, we vacate his possession of a controlled substance conviction and judgment of sentence and remand this case to the trial court for a new trial on that charge at which the cocaine found in the gas cap of Appellant's vehicle shall not be admitted in evidence.

Judgment of sentence for carrying a firearm without a license, possession of a small amount of marijuana, and operating a vehicle without a license plate light affirmed, judgment of sentence for possession of a controlled substance vacated.  Case remanded with instructions to grant Appellant's motion to suppress with respect to the cocaine found in the search of Appellant's vehicle and for a new trial on the possession of a controlled substance charge.  Jurisdiction relinquished.

President Judge Emeritus Bender Joins the memorandum.

Judge Dubow files a Concurring Memorandum.

---

[6] There is no need to vacate Appellant's judgment of sentence for any of these convictions for resentencing because his sentence for the vacated conviction is shorter than and concurrent to his sentence for the carrying a firearm without a license conviction that we have affirmed and there is therefore no disturbance of the trial court's sentencing scheme.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  05/20/2022