J-S08044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                          :        PENNSYLVANIA
        Appellant         :
                          :
                          :
        v.                 :
                          :
                          :
NATHAN ZACHERY BOWERSOX      :    No. 1655 MDA 2022

Appeal from the Order Entered November 8, 2022
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000159-2020

BEFORE: OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:        **FILED: MAY 23, 2023**

The Commonwealth appeals from an order entered by the Court of Common Pleas of Cumberland County (trial court) granting the motion of the defendant, Nathan Zachery Bowersox (Appellee), to dismiss charges against him for violation of Pa.R.Crim.P. 600. For the reasons set forth below, we reverse.

On November 8, 2019, Appellee was charged by criminal complaint with driving under the influence (DUI), possession of methamphetamine, possession of drug paraphernalia, and driving with a suspended license.[1] Criminal Complaint. A preliminary hearing was scheduled for January 17,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(1)(i)-(iii), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), and 75 Pa.C.S. § 1543(b)(1.1)(i), respectively.

2020, but Appellee failed to appear, despite receiving notice of the preliminary hearing, and the magisterial district court sent the case to the trial court and closed its file. 1/20 Magisterial District Judge Docket at 1-2; N.T. Rule 600 and Suppression Motions at 10-11, 13-14. Appellee's arraignment was scheduled for March 19, 2020 and a bench warrant for Appellee's arrest was issued on January 27, 2020. 1/21/20 Notice of Formal Arraignment; Trial Court Order, 1/27/20.

Appellee was arrested on the bench warrant on November 5, 2020. N.T., 11/23/20, at 2. A bench warrant hearing was held on November 23, 2020. At this hearing, the Commonwealth was ready to proceed with the arraignment; however, Appellee's counsel requested that the trial court instead remand the case to the magisterial district court for a preliminary hearing. *Id.* at 2-3. The trial court granted Appellee's request and issued an order on November 23, 2020 remanding the case to the magisterial district court for that court to schedule a preliminary hearing. *Id.* at 5; Trial Court Order, 11/23/20.

The trial court mailed the November 23, 2020 order to the magisterial district court on November 30, 2020, but the magisterial district court either did not receive it or lost it and took no action to schedule the preliminary hearing. Trial Court Opinion and Order, 11/8/22, at 2; N.T. Rule 600 and Suppression Motions at 5-7, 12-13; Commonwealth Ex. 1. Nothing further occurred to advance the case to trial until February 18, 2022, over one year

- 2 -

later, when the Commonwealth emailed a copy of the order remanding the case for a preliminary hearing to the magisterial district court. N.T. Rule 600 and Suppression Motions at 12-13; Commonwealth Ex. 3. After receiving the copy of this order, the magisterial district court reopened the case file and scheduled a preliminary hearing for March 17, 2022. N.T. Rule 600 and Suppression Motions at 13-14. This preliminary hearing was held on March 17, 2022, and the DUI and driving with a suspended license charges were held for court. 3/22 Magisterial District Judge Docket at 3-4. The magisterial district court again sent the case to the trial court on March 21, 2022, and the trial court scheduled Appellee's trial for July 15, 2022. Trial Court Docket at 9; 5/9/22 Acknowledgement of Arraignment.

On June 8, 2022, Appellee filed a motion to dismiss for violation of Rule 600 and a motion to suppress. The trial court held a hearing on both motions on August 1, 2022. On November 8, 2022, the trial court granted Appellee's motion to dismiss for violation of Rule 600, ruling that the 452 days of delay between the trial court's order remanding the case to the magisterial district court for a preliminary hearing and the Commonwealth's sending of the order to the magisterial district court on February 18, 2022 was not excludable and that the Commonwealth had therefore failed to bring Appellee to trial within Rule 600's time limit. Trial Court Order, 11/8/22; Trial Court Opinion and Order, 11/8/22, at 2-3. The trial court accordingly dismissed the charges against Appellee with prejudice and dismissed the motion to suppress as moot.

Trial Court Order, 11/8/22. The Commonwealth timely appealed this order on December 2, 2022, and argues in this appeal that it did not violate Rule 600 because the November 23, 2020 to February 18, 2022 period was excludable time.

Pennsylvania Rule of Criminal Procedure 600 requires that the Commonwealth bring a defendant to trial within 365 days from the date on which the criminal complaint was filed. Pa.R.Crim.P. 600(A)(2)(a); **Commonwealth v. Barbour**, 189 A.3d 944, 947 (Pa. 2018). Rule 600 provides that in determining whether the 365-day period has expired, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence" and that "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1); **see also Commonwealth v. Harth**, 252 A.3d 600, 615 (Pa. 2021).

If the defendant is not brought to trial within the 365-day period prescribed by Rule 600, he may file a motion at any time before trial requesting dismissal of the charges against him with prejudice. Pa.R.Crim.P. 600(D)(1); **Harth**, 252 A.3d at 615. When such a motion is filed, the trial court is required to conduct a hearing and identify each period of delay and attribute it to the responsible party to adjust the 365-day period and determine the date by which the defendant must be tried. Pa.R.Crim.P.

- 4 -

600(D)(1); ***Barbour***, 189 A.3d at 947. If the trial court finds that the defendant was not brought to trial within Rule 600's time limit, it must dismiss the charges and discharge the defendant. ***Harth***, 252 A.3d at 615.

We ordinarily review a court's grant of a Rule 600 motion to dismiss for abuse of discretion. ***Commonwealth v. Bradford***, 46 A.3d 693, 700 (Pa. 2012); ***Commonwealth v. Selenski***, 994 A.2d 1083, 1087 (Pa. 2010). The interpretation of Rule 600, however, is an issue of law subject to our plenary review. ***Harth***, 252 A.3d at 614 n.13; ***Barbour***, 189 A.3d at 954; ***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017).

As the trial court correctly concluded, Trial Court Opinion and Order, 11/8/22, at 2, the critical issue here is whether the period from November 23, 2020 to February 18, 2022 is excludable time. If it is not, Rule 600 was clearly violated, as that period of 452 days by itself exceeds the 365 days within which the Commonwealth was required to bring Appellee to trial. If it is excludable, however, the Commonwealth did not fail to bring Appellee to trial within Rule 600's time limit. The period from January 17, 2020, when Appellee failed to appear at his preliminary hearing, until November 5, 2020, when he was arrested on a bench warrant, was caused by Appellee and is therefore excludable. ***Barbour***, 189 A.3d at 956 (where defendant fails to appear for pretrial proceeding despite receiving notice, all time until he is apprehended is excluded from Rule 600 calculation regardless of Commonwealth's diligence or lack thereof in apprehending him); ***Commonwealth v. Wright***, 178 A.3d

884, 886-89 (Pa. Super. 2018) (because delay was caused by defendant's failure to appear, entire 25-year period before he turned himself in was excluded even if Commonwealth failed to exercise diligence in locating him). The total of all other periods of time, if the November 23, 2020 to February 18, 2022 period is excluded, was only 198 days at the time Appellee filed his Rule 600 motion and would have been 235 days at the date of his scheduled trial, and is therefore well within Rule 600's 365-day limit.

The trial court concluded that the period of delay from November 23, 2020 to February 18, 2022 was not excludable, even though it was a result of a breakdown in court procedures rather than actions by the Commonwealth, because the Commonwealth failed to show that it acted with due diligence. Trial Court Opinion and Order, 11/8/22, at 2. If this delay were solely a judicial delay for which the defendant bore no responsibility, the trial court's conclusion would be correct.

Where a delay is not caused by the defendant, it is not excludable from the Rule 600 calculation unless the Commonwealth shows by a preponderance of the evidence that it acted with due diligence to bring the defendant to trial within Rule 600's time limit. *Harth*, 252 A.3d at 617-18; *Bradford*, 46 A.3d at 701-02; *Commonwealth v. Thompson*, 136 A.3d 178, 182-83 (Pa. Super. 2016). In *Bradford*, our Supreme Court held that delay caused by failure to transmit the case between a magisterial district court and a common pleas court was excludable based on evidence that the Commonwealth acted

with due diligence because it had a system to monitor cases to bring them to trial within Rule 600's time limit and the breakdown in court procedures prevented that tracking system from operating. 46 A.3d at 695-96, 704-05. Here, in contrast, the Commonwealth introduced no evidence that it took any steps between November 23, 2020 and February 18, 2022 to monitor whether the case was moving forward to trial, no evidence that it had any system to track the case, and no evidence that the communications failure between the magisterial district court and the trial court affected its ability to track the case. The trial court therefore correctly concluded that the Commonwealth had not shown the due diligence that it must show to exclude judicial delay from the Rule 600 calculation.

The 452-day delay in this case, however, was not merely a judicial delay, it was also caused by Appellee. Delays caused by the defendant do not count toward Rule 600's 365-day limit for bringing a defendant to trial. ***Barbour***, 189 A.3d at 955-56, 958. Where the defendant has delayed his trial by failing to appear for a court hearing of which he had notice, no assessment of the Commonwealth's diligence is necessary to exclude that delay from the Rule 600 computation. ***Barbour***, 189 A.3d at 956; ***Wright***, 178 A.3d at 887-89; ***Commonwealth v. Vesel***, 751 A.2d 676, 680 (Pa. Super. 2000).

The reason that this case did not move forward between November 23, 2020 and February 18, 2022 is that the preliminary hearing had not been held.

That preliminary hearing would have been held in January 2020 and this period of delay never would have occurred if Appellee's conduct had not delayed the proceedings. The preliminary hearing was originally scheduled for January 17, 2020, but Appellee failed to appear despite receiving notice. 1/20 Magisterial District Judge Docket at 1; N.T. Rule 600 and Suppression Motions at 10-11; N.T., 11/23/20, at 2. The case in fact proceeded toward trial at that time, as the magisterial district court sent the case to the trial court and scheduled Appellee's arraignment when he failed to appear on January 17, 2020. 1/20 Magisterial District Judge Docket at 1-2.

In addition, the delay after Appellee's apprehension occurred as a result of a request by Appellee and not as a result of the Commonwealth failing to move the case forward. The Commonwealth was prepared to proceed with the arraignment after Appellee was apprehended. N.T., 11/23/20, at 2. The event that led to the breakdown in court operations and the 452-day delay was the remand to the magisterial district court that was requested by Appellee. *Id.* at 2-3. The delay caused by Appellee therefore did not end on November 5, 2020 when he was apprehended or on November 23, 2020, it continued until the remand and preliminary hearing that he requested were completed on March 17, 2022.

Because the delay between November 23, 2020 and February 18, 2022 was caused by Appellee, the trial court erred in failing to exclude those 452 days of this delay from its Rule 600 calculation. As discussed above, once

that erroneously included time is excluded, the record is clear that the Commonwealth did not fail to bring Appellee to trial within Rule 600's 365-day time limit. Accordingly, we reverse the trial court's order dismissing the charges against Appellee and remand this case for further proceedings, including addressing Appellee's motion to suppress.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023