J-A08034-25                    2025 PA Super 127

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINTON ROBINSON | : | No. 641 EDA 2024 |

Appeal from the Order Dated February 7, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008127-2021

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

OPINION BY SULLIVAN, J.:                    **FILED JUNE 24, 2025**

The Commonwealth appeals from the trial court's order granting the motion filed by Clinton Robinson ("Robinson") to dismiss the charges against him pursuant to Pennsylvania Rule of Criminal Procedure 600. We reverse and remand for further proceedings consistent with this memorandum.

The relevant factual and procedural history of this case is as follows. On September 3, 2021, police arrested Robinson and charged him with two counts of persons not to possess firearms.[1] At a hearing on October 27, 2021, the Honorable Zachary Shaffer ("Judge Shaffer") quashed one of the two counts of section 6105; the case was then assigned to Judge Donna M. Woelpper ("Judge Woelpper") and listed for trial on March 3, 2022. *See* N.T., 10/27/21, at 6. On November 24, 2021, Robinson filed a motion to suppress. *See* Docket Entry, 11/24/21.

---

[1] *See* 18 Pa.C.S.A. § 6105.

After a May 10, 2022, hearing on Robinson's suppression motion, Judge Woelpper held the matter under advisement. *See* N.T., 5/10/22, at 31. On June 21, 2022, Robinson obtained a continuance to file a brief regarding suppression. *See* Docket Entry, 6/21/22. On July 19, 2022, Judge Woelpper denied suppression, recused at the request of Robinson's attorney, Louis Savino ("Attorney Savino"), and listed the case for status of trial on August 17, 2022. *See* Docket Entry, 7/19/22. On August 17, 2022, the court attached defense counsel for trial on December 19, 2022, before Judge Mia R. Perez ("Judge Perez"). *See* Docket Entry, 8/17/22.

On October 21, 2022, the case was listed for trial on January 3, 2023. *See* Docket Entry, 10/21/22. On December 1, 2022, the Supervising Judge of the Court of Common Pleas transferred the case from Judge Perez, who had been appointed to the federal bench, to Judge Woelpper, for trial on January 17, 2023. *See* Docket Entry, 12/1/22. On January 17, 2023, Judge Woelpper again recused. The case was listed for trial on March 21, 2023, before Judge Roxanne E. Covington ("Judge Covington"). On March 21, 2023, Robinson was not brought down from State custody;[2] two days later, the court attached Attorney Savino and listed the case for trial on August 29, 2023. *See* Docket Entry, March 23, 2023.

_____

[2] A second defense counsel, Gregory Pagano, Esquire ("Attorney Pagano"), was ordered that day to enter his appearance. *See* Docket Entry, 3/21/23.

Although Assistant District Attorney Rebecca Steck ("ADA Steck"), the assigned ADA, handed over a DNA report in discovery on April 12, 2022, **see** N.T., 2/7/24, at 15, on July 5, 2023, Attorney Pagano drafted a letter and sent it to the Commonwealth requesting **additional** DNA "bench work" paperwork, which counsel later alleged was mandatory discovery. On August 9, 2023, Robinson moved to preclude DNA evidence at trial and requested a continuance. At a hearing on August 29, 2023, ADA Steck testified: 1) the Commonwealth previously produced mandatory DNA discovery, 2) Attorney Pagano requested the underlying DNA "bench report," which ADA Steck classified as "work product," on July 5, 2023, more than one and one-half years after Robinson's arrest, 3) Attorney Pagano's request got "lost in the shuffle" after ADA Steck returned from a July 4th trip; 4) Attorney Savino reminded ADA Steck of the request in late July, and 5) ADA Steck requested the work product from the independent lab that conducted the DNA tests and produced it to Robinson on August 11, 2023. **See** N.T., 8/29/23, at 6-8. ADA Steck further stated work product is not routinely produced in discovery. **See id**. at 8.

At defendant's request, the court continued the trial until January 19, 2024, and over the Commonwealth's objection, attributed the time to the Commonwealth. **See id**. at 11-12. The court stated it was not questioning the Commonwealth's good faith and the laboratory information may have

- 3 -

been beyond the Commonwealth's control, but it did not understand why "that information [was not] just available." *See id*. at 13.

On December 14, 2023, the case was transferred to yet another trial judge, this time Judge Natasha Taylor-Smith. On December 29, 2023, Robinson filed a Rule 600 motion. On January 19, 2024, the courts were closed due to inclement weather, and the case was relisted to January 25, 2024, and later to February 7, 2024, owing to bad weather.

On February 7, 2024, the court held a hearing on Robinson's Rule 600 motion. ADA Steck testified she produced a DNA report to Robinson on April 12, 2022. *See* N.T., 2/7/24, at 15. ADA Steck testified Attorney Pagano entered his appearance in early 2023 and requested DNA lab notes in July 2023 from her, which she produced on August 11, 2023; she explained she had been on vacation and had not originally seen the request. *See id*. at 16-17. ADA Steck testified no other counsel had ever asked her for the DNA bench notes. *See id*. at 20-22. The court granted the Rule 600 motion, stating the Commonwealth had not been diligent at all times. *See id*. at 45.

The court also found the Commonwealth was not diligent on an occasion when an officer left the courtroom without the court's permission. *See id*. at 48.[3] It did not accept ADA Steck's explanation concerning the delay in

---

[3] The trial court did not state when this incident occurred and does not address it in its opinion.

producing the DNA work product, which it stated was either ***Brady*** material or the subject of mandatory discovery. ***See id***.[4]

On appeal, the Commonwealth presents three issues for our review:

1. Did the lower court err in dismissing all charges under Rule 600, where the record demonstrated that the Commonwealth was duly diligent and prepared for trial within the time limits of the rule, when properly attributing and accounting for any delays?

2. Did the court err in finding that the Commonwealth has a duty under Rule 600 to press the court with emails and seek a trial date while the case was undergoing administrative re[-]listings based on the recusal of various judges, which was outside the control of the Commonwealth?

3. Did the lower court err in finding the Commonwealth caused delay in the production of non-mandatory discovery of the forensic examiner's underlying work product material, where the Commonwealth had produced the DNA report in or about April 2022, [Robinson] did not request the non-mandatory underlying data until over a year later in or about July 2023, and upon the latter request the Commonwealth promptly requested the material from the forensics laboratory and promptly produced it after receiving it?

Commonwealth's Brief at 4.[5]

The Commonwealth asserts the trial court committed errors of law in attributing to it for Rule 600 calculation purposes, defense continuances and other delays outside of its control. The parties do not disagree on the facts or the law; the dispositive issue in this case is whether the trial court erred as a

_____

[4] The Commonwealth filed a timely notice of appeal and it and the trial court complied with Pa.R.A.P. 1925.

[5] Although it states three issues, the Commonwealth discusses them in two arguments.

matter of law in applying the law to the facts. This Court applies an abuse of discretion standard to evaluating a trial court's Rule 600 decision. **See Commonwealth v. Bethea**, 185 A.3d 364, 370 (Pa. Super. 2018). Such an abuse occurs if the court overrides or misapplies the law. **See id**. To the extent this Court is required to review a trial court's conclusions of law, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Cook**, 231 A.3d 913, 919 (Pa. Super. 2020).

In relevant part, Rule 600 provides:

**A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \* \* \*

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

\* \* \* \* \*

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

The "mechanical run date" in a Rule 600 analysis falls 365 days after the complaint was filed. *See Commonwealth v. Lear*, 325 A.3d 552, 560 (Pa. 2024), citing Pa.R.Crim.P. 600(A)(2)(a)). Periods of delay caused by the Commonwealth when the Commonwealth has failed to exercise due diligence are included in the computation of time to commence trial; any other periods of delay, meaning any periods of delay the Commonwealth did not cause or not resulting from a lack of due diligence, are "excludable time" and "shall be excluded from the computation." *See Lear*, 325 A.3d at 560, citing Pa.R.Crim.P. 600(C)(1).[6] Excludable time is added to the mechanical run date to produce an "adjusted run date," "which is the deadline for the Commonwealth to bring the defendant to trial under Rule 600." *See id*.

Rule 600 serves the purpose of protecting both a defendant's speedy trial rights and society's right to the effective prosecution of criminal cases. *See Commonwealth v. Bradford*, 46 A.3d 693 (Pa. Super. 2012). A Rule

---

[6] By contrast, periods of delay caused by the Commonwealth or resulting from its lack of due diligence are "includable time." *Commonwealth v. Wiggins*, 248 A.3d 1285, 1289 (Pa. Super. 2021).

600 analysis requires a court to consider whether the Commonwealth exercised due diligence and whether the circumstances causing the delay were beyond the Commonwealth's control. **See id**. If the Commonwealth has not committed misconduct to evade the accused's speedy trial rights, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime," because Rule 600 "was not designed to insulate the criminal accused from good faith prosecution delayed through no fault of the Commonwealth." **Commonwealth v. Carl**, 276 A.3d 743, 748 (Pa. Super. 2022)). Due diligence does not demand perfection but does require the Commonwealth to put forward a reasonable effort. **See Bradford**, 46 A.3d at 697.

Excludable time includes, but is not limited to, delays caused by: 1) the suspension of Rule 600 during the COVID-19 pandemic, without regard to the Commonwealth's diligence, **see Commonwealth v. Malone**, 294 A.3d 1247, 1251 (Pa. Super. 2023); 2) defense unavailability or continuance requests, **see Commonwealth v. Walker**, 331 A.3d 43, 48 (Pa. Super. 2025); **Commonwealth v. Watson**, 140 A.3d 696, 699 (Pa. Super. 2016); 3) the adjudication of a defendant's pretrial motion, **Commonwealth v. Hill**, 736 A.2d 578, 587-88 (Pa. Super. 1999); 4) court congestion, judicial delay, or court transfer, **Commonwealth v. Herring**, 271 A.3d 911, 916 (Pa. Super. 2022); **Bethea**, 185 A.3d at 371; and 5) the failure to bring a defendant to

court from state custody, **Commonwealth v. Mines**, 797 A.2d 963, 966 (Pa. Super. 2002).

The Commonwealth's related issues assert only 220 of the 867 days that passed from Robinson's arrest until the hearing on his Rule 600 motion were attributable to the Commonwealth. It claims the following time-periods are excludable time and cannot be attributed to the Commonwealth:

1) the 29 days from September 3, 2021, until October 1, 2021, when the courts were closed due to COVID-19;[7]

2) the 70 days from May 10, 2022, until July 19, 2022, for the resolution of Robinson's suppression motion;[8]

3) the 29 days from July 19, 2022 until August 17, 2022, resulting from Robinson's recusal request;

4) the 153 days from August 17, 2022, until January 17, 2023, when the case was assigned and re-assigned to multiple judges;

5) the 63 days from January 17, 2023, until March 21, 2023, when the trial date was relisted;

6) the 161 days from March 21, 2023, until August 29, 2023, when Robinson was not brought down from state prison for trial;

7) the 143 days from August 29, 2023, until January 19, 2024, resulting from a defense request for a continuance; and

8) the 19 days from January 19, 2024, until February 7, 2024, resulting from inclement weather.

_____

[7] Robinson does not dispute this delay is not attributable to the Commonwealth.

[8] Robinson does not dispute this delay is not attributable to the Commonwealth.

The trial court found the 29 days from September 3, 2021, until formal arraignment on October 5, 2021, were excludable time as a result of the suspension of Rule 600 during COVID. *See* Trial Court Opinion, 4/23/24, at 5-6. The only other periods of time the trial court found excludable were the 213 days from May 10, 2022, the litigation of Robinson's suppression motion, until December 9, 2022, the date the case was administratively relisted, and the 19 days of weather delay from January 19, 2024, until February 7, 2024. *See id*. at 6 and n.17.

The trial court found the time from December 19, 2022, until January 19, 2024, was attributable to the Commonwealth because it failed "to keep track of the timeline of the case in accordance with Rule 600 and its duty to make reasonable efforts to ensure the trial took place before the Rule 600 adjusted run date expired." *See id*. at 6. The court additionally found the delay from August 29, 2023, until January 19, 2024, was included in the rule 600 calculation (and against the Commonwealth) because the Commonwealth did not timely pass discovery of DNA lab reports and bench notes, resulting in a defense continuance. *See id*. at 6-9.[9] Finally, the court found the Commonwealth responsible for not making the court aware the Rule 600 run

_____

[9] Not only was this a defense continuance, which in and of itself makes the continuance excludable, the continuance was for further DNA information Robinson requested more than one year after the Commonwealth produced the DNA report.

date was approaching, particularly when the case was repeatedly administratively reassigned. **See id**. at 9-11.[10]

We are constrained to find the trial court erred as a matter of law in dismissing the prosecution on Rule 600 grounds. First, the court erred by attributing to the Commonwealth the delays caused by the administrative re-listings of the case for periods after December 9, 2022, as it moved among multiple judges for various administrative reasons. The case was transferred four times from August 2022 to March 21, 2023, from Judge Woelpper, who recused at Robinson's request, to Judge Perez, who was appointed to the federal bench, to Judge Woelpper, who had already recused at Robinson's request, to Judge Covington. The Commonwealth was not responsible for any of those transfers and cannot be faulted for the brief, erroneous transfer of the case to Judge Woelpper after her original recusal at Robinson's request. **See Herring**, 271 A.3d at 916; **Bethea**, 185 A.3d at 371.

The court also committed legal error when it attributed to the Commonwealth, without explanation, the 161 days between March 21, 2023, and August 29, 2023, when Robinson was not brought down from state

_____

[10] We do not agree with the trial court's implicit assertion that **Commonwealth v. Browne**, 584 A.2d 902 (Pa. 1990) (plurality), created a rule the Commonwealth must provide proof it used a tracking system to show it kept track of the Rule 600 run date. **See** Trial Court Opinion, 4/23/24, at 10, and, further, there is no suggestion in this record the Commonwealth lost track of the run date.

custody. *See* Trial Court Opinion, 4/23/24, at 3. One of Robinson's attorneys stated at the beginning of the hearing on March 21, 2023, "This was an advanced notification to the court that [Robinson] was transferred to SCI Smithfield, I guess about a week ago. If we could get another date." *See* N.T., 3/21/24, at 3. The failure to bring Robinson down from state custody was not attributable to the Commonwealth. The trial court erred by ruling the resulting delay was includable in its Rule 600 calculation. *See Mines*, 797 A.2d at 966.[11]

Finally, the court erred when it attributed to the Commonwealth the 149 days from August 29, 2023, until January 19, 2024, resulting from a defense continuance. As this Court has recently and clearly held, the cause of a delay is considered *before* an assessment of the Commonwealth's diligence:

> the causation analysis precedes the due diligence inquiry. This means that the trial court must first consider the cause of the delay before analyzing the Commonwealth's diligence in meeting discovery obligations over the life of the case. Here, the cause of the delay was a defense request for further investigation, and, therefore, that delay must be excluded.

_____

[11] Additionally, Robinson's two attorneys' schedules significantly lengthened the delay resulting from the continuance. When offered a May trial date, one of Robinson's attorneys declared, "May is not going to work for me." N.T., 3/21/23, at 5. June dates were offered, but the court was scheduled for other trials on those dates. *See id*. at 7. An August date was offered, but Robinson's other attorney declared his unavailability on that date. *See id*. at 8.

***Walker***, 331 A.3d at 48, citing ***Lear***, 325 A.3d at 563 n.7 (Pa. 2024) (quotations and internal citations omitted).[12]

Accordingly, we agree with the Commonwealth that only 220 days attributable to the Commonwealth passed from the filing of the complaint until the trial court's grant of Rule 600 relief. The court's grant of Rule 600 relief was thus legal error.

We reverse and remand for further proceedings consistent with this memorandum.

Jurisdiction relinquished.

_____

[12] The court additionally erred when it declared that the discovery concerning DNA work product constituted mandatory discovery. On April 12, 2022, the Commonwealth provided Robinson with the DNA laboratory report that constituted mandatory discovery. The additional discovery, which Robinson sought more than 400 days after discovery in the form of the DNA report provided by the Commonwealth, was not a result or report of scientific tests, and thus not mandatory discovery under Pa.R.Crim.P. 573(B)(1)(e).

Additionally, although the court attributed this time to the Commonwealth, it stated it was not questioning the Commonwealth's good faith and the laboratory information may have been beyond its control, but it did not understand why "that information [was not] just available." ***See*** N.T., 8/29/23, at 13. Under these facts, whatever delay resulted from the assigned ADA's failure to respond immediately to the defense request for non-mandatory discovery is without legal significance.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/24/2025